# U.S. District Court
## U.S. District of Minnesota (DMN)
## CRIMINAL DOCKET FOR CASE #: <u>0:16−cr−00334−JNE−KMM</u>−1
### *Internal Use Only*

Case title: USA v. Hansmeier et al

Date Filed: 12/14/2016

Related Case: 0:21−cv−02751−JNE

Date Terminated: 06/17/2019

Assigned to: Judge Joan N. Ericksen
Referred to: Magistrate Judge Katherine M Menendez (mj)

Appeals court case numbers: 19−2386, 22−2162, 22−3031 USCA 8th Circuit

**Defendant (1)**

**Paul R Hansmeier**
*TERMINATED: 06/17/2019*

represented by **Paul R Hansmeier**
Reg. No. 20953−041
FCI Sandstone Unit F
P.O. Box 1000
Sandstone, MN 55072
PRO SE

**Andrew H. Mohring**
Office of the Federal Defender
300 South Fourth Street
107 US Courhouse
Minneapolis, MN 55415
612−664−5858
Fax: 612−664−5850
Email: amohring@goetzeckland.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**Manvir K Atwal**
Office of the Federal Defender
300 S 4th St Ste 107
Mpls, MN 55415
(612) 664−5858
Fax: (612) 664−5850
Email: manny_atwal@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

*Designation: Public Defender or Community Defender Appointment*

**Pending Counts**

18:1349 CONSPIRACY TO
COMMIT MAIL FRAUD AND
WIRE FRAUD
(1)

18:1956(h) CONSPIRACY TO
COMMIT MONEY
LAUNDERING
(17)

**Disposition**

Custody of BOP for 168 months as to Count 1 and
168 months as to Count 17 to be served
concurrently; 2 years Supervised Release; $200
Special Assessment; $1,541,527.37 Restitution
jointly and severally

Custody of BOP for 168 months as to Count 1 and
168 months as to Count 17 to be served
concurrently; 2 years Supervised Release; $200
Special Assessment; $1,541,527.37 Restitution
jointly and severally

**Highest Offense Level
(Opening)**

Felony

**Terminated Counts**

18:1341 and 2 MAIL FRAUD
(2–6)

18:1343 and 2 WIRE FRAUD
(7–16)

18:371 CONSPIRACY TO
COMMIT AND SUBORN
PERJURY
(18)

**Disposition**

Dismissed

Dismissed

Dismissed

**Highest Offense Level
(Terminated)**

Felony

**Complaints**

None

**Disposition**

---

**Plaintiff**

**USA**

represented by **Ana H Voss**
United States Attorney's Office
300 S 4th St Ste 600
Minneapolis, MN 55415
612–664–5600
Fax: 612–664–5788
Email: ana.voss@usdoj.gov

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Erin M Secord**
United States Attorney's Office
300 S 4th St Ste 600
Minneapolis, MN 55415
612−664−5611
Email: erin.secord@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa D Kirkpatrick**
United States Attorney's Office
300 S 4th St Ste 600
Minneapolis, MN 55415
651−848−1954
Fax: 651−848−1943
Email: lisa.kirkpatrick@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin F Langner**
United States Attorney's Office
300 S 4th St Ste 600
Minneapolis, MN 55415
612−664−5636
Fax: 612−664−5787
Email: benjamin.langner@usdoj.gov
*TERMINATED: 06/01/2022*
*Designation: Retained*

**David J MacLaughlin**
United States Attorney's Office
300 S 4th St Ste 600
Minneapolis, MN 55415
(612) 664−5600
Email: david.maclaughlin@usdoj.gov
*TERMINATED: 10/13/2022*
*Designation: Retained*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 12/14/2016 | 1 | INDICTMENT assigned to Judge Joan N. Ericksen referred to Magistrate Judge Katherine M. Menedez by USA Benjamin F. Langner as to Paul R Hansmeier (1) counts 1–18, John L Steele (2) counts 1–18. Forfeiture allegations as to this indictment. (LPH) Document QCd by mkg. Modified text on 12/23/2016 (MKG). (Entered: 12/15/2016) |
| 12/14/2016 | 2 | |

| | | |
|---|---|---|
| | | Defendant Information Sheet as to Paul R Hansmeier, John L Steele. (Attachments: # 1 Original Signature Page) (LPH) Document QCd by mkg. Modified text on 12/23/2016 (MKG). (Entered: 12/15/2016) |
| 12/14/2016 | 3 | Bench Warrant Issued as to Paul R Hansmeier by Judge Ann D. Montgomery. (LPH) (Entered: 12/15/2016) |
| 12/14/2016 | 5 | ORAL MOTION to Seal Under 49.1(d) until the defendants make an initial appearance by USA as to Paul R Hansmeier, John L Steele. (LPH) (Entered: 12/15/2016) |
| 12/14/2016 | 6 | ORAL ORDER granting 5 Oral Motion to Seal Under 49.1(d) until the defendants make an initial appearance as to Paul R Hansmeier (1), John L Steele (2) by Judge Ann D. Montgomery on 12/14/16. (LPH) Modified text on 12/15/2016 (LPH). (Entered: 12/15/2016) |
| 12/16/2016 | 7 | MOTION to Unseal by USA as to Paul R Hansmeier, John L Steele. (LPH) Document QC'd by JLW on 1/11/2017 (JLW). (Entered: 12/16/2016) |
| 12/16/2016 | 8 | ORDER granting 7 Motion to Unseal as to Paul R Hansmeier (1), John L Steele (2). Signed by Judge Joan N. Ericksen on 12/16/16. (LPH) cc: USA. Modified text on 12/29/2016 (LPH). Document QC'd by JLW on 1/11/2017 (JLW). (Entered: 12/16/2016) |
| 12/16/2016 | 9 | Minute Entry for proceedings held before Magistrate Judge Janie S. Mayeron: Initial Appearance as to Paul R Hansmeier held on 12/16/2016. Retained counsel present. Bond set at $25,000 RPR. Arraignment to be held at a date and time to be determined. Govt motion to unseal entire case – granted. (LPH) (Entered: 12/16/2016) |
| 12/16/2016 | 11 | ORDER Setting Conditions of Release as to Paul R Hansmeier. Signed by Magistrate Judge Janie S. Mayeron on 12/16/16. (LPH) Document QC'd by JLW on 1/11/2017 (JLW). (Entered: 12/19/2016) |
| 12/16/2016 | 12 | Appearance Bond Entered as to Paul R Hansmeier. Signed by Magistrate Judge Janie S. Mayeron on 12/16/16. (LPH) Document QC'd by JLW on 1/11/2017 (JLW). (Entered: 12/19/2016) |
| 12/30/2016 | 16 | NOTICE OF ATTORNEY APPEARANCE/SUBSTITUTION for Paul R Hansmeier. (Atwal, Manvir) (Entered: 12/30/2016) |
| 01/04/2017 | 17 | MOTION to Retain Rough Notes *and Evidence* by Paul R Hansmeier. (Mohring, Andrew) (Entered: 01/04/2017) |
| 01/04/2017 | 18 | ORDER granting 17 Motion to Retain Rough Notes as to Paul R Hansmeier (1). Signed by Magistrate Judge Katherine M. Menendez on 1/4/17. (LPH) (Entered: 01/04/2017) |
| 01/04/2017 | 19 | ORDER/NOTICE OF HEARING as to Paul R Hansmeier. Arraignment set for 1/19/2017 10:30 AM in Courtroom 8E (MPLS) before Magistrate Judge Katherine M. Menendez. Signed by Magistrate Judge Katherine M. Menendez on 1/4/17. (LPH) (Entered: 01/04/2017) |
| 01/06/2017 | 30 | Bench Warrant Returned Executed on 12/16/2016 as to Paul R Hansmeier. (MMG) Document QC'ed on 2/7/2017 (MMG). (Entered: 01/18/2017) |
| 01/19/2017 | 32 | |

| | | Minute Entry for proceedings held before Magistrate Judge Katherine M. Menendez: Arraignment as to Paul R Hansmeier (1) on Counts 1–18 held on 1/19/2017. Not Guilty Plea entered. Counsel appointed. (LPH) (Entered: 01/19/2017) |
|---|---|---|
| 01/30/2017 | 33 | MOTION for Discovery by USA as to Paul R Hansmeier. (MacLaughlin, David) (Entered: 01/30/2017) |
| 02/14/2017 | 36 | MOTION *to Designate Case as Complex Under Speedy Trial Act* by Paul R Hansmeier. (Mohring, Andrew) (Entered: 02/14/2017) |
| 02/15/2017 | 38 | ORDER granting 36 Motion to Designate Case as Complex Under Speedy Trial Act as to Paul R Hansmeier (1). Signed by Magistrate Judge Katherine M. Menendez on 2/15/17. (LPH) (Entered: 02/16/2017) |
| 02/16/2017 | 37 | STATEMENT OF FACTS in Support of Exclusion of Time Under the Speedy Trial Act by Paul R Hansmeier re 36 MOTION *to Designate Case as Complex Under Speedy Trial Act* (Mohring, Andrew) (Entered: 02/16/2017) |
| 03/07/2017 | 44 | TRANSCRIPT REQUEST by Paul R Hansmeier for a 30–Day Transcript to Court Reporter Maria Weinbeck. (Atwal, Manvir) (Entered: 03/07/2017) |
| 04/24/2017 | 47 | DECLARATION *of Discovery and Outline of Pretrial Motions* by Paul R Hansmeier (Mohring, Andrew) (Entered: 04/24/2017) |
| 04/24/2017 | 48 | MOTION to Dismiss by Paul R Hansmeier. (Mohring, Andrew) (Entered: 04/24/2017) |
| 04/24/2017 | 49 | MEMORANDUM in Support by Paul R Hansmeier re 48 MOTION to Dismiss (Mohring, Andrew) (Entered: 04/24/2017) |
| 04/24/2017 | 50 | MOTION for Bill of Particulars by Paul R Hansmeier. (Mohring, Andrew) (Entered: 04/24/2017) |
| 04/24/2017 | 51 | MOTION for Discovery and Inspection by Paul R Hansmeier. (Mohring, Andrew) (Entered: 04/24/2017) |
| 04/24/2017 | 52 | MOTION for Discovery *of Expert Under Rule 16(a)(1)(G)* by Paul R Hansmeier. (Mohring, Andrew) (Entered: 04/24/2017) |
| 04/24/2017 | 53 | MOTION for Disclosure *of 404 Evidence* by Paul R Hansmeier. (Mohring, Andrew) (Entered: 04/24/2017) |
| 04/24/2017 | 54 | MEMORANDUM in Support by Paul R Hansmeier re 53 MOTION for Disclosure *of 404 Evidence* (Mohring, Andrew) (Entered: 04/24/2017) |
| 05/12/2017 | 55 | MOTION for Extension of Time to File Response/Reply as to 53 MOTION for Disclosure *of 404 Evidence*, 52 MOTION for Discovery *of Expert Under Rule 16(a)(1)(G)*, 48 MOTION to Dismiss , 50 MOTION for Bill of Particulars , 51 MOTION for Discovery and Inspection , 47 Declaration by USA as to Paul R Hansmeier. (MacLaughlin, David) (Entered: 05/12/2017) |
| 05/17/2017 | 56 | TEXT ONLY ENTRY: Oral ORDER in case as to Paul R Hansmeier. The Court has received and reviewed the government's Motion for Extension of Time. ECF No. 55. After consulting with counsel for both the government and Mr. Hansmeier, the Court will reset the hearing and schedule as detailed in this order. Accordingly, the government's motion is GRANTED. It is HEREBY ORDERED that: 1. The government's response to Mr. Hansmeier's pretrial motions is due on or before June |

| | | |
|---|---|---|
| | | 2, 2017. 2. Mr. Hansmeier's reply brief is due on or before June 16, 2017. 3. Any notice of intent to call witnesses must be filed on or before June 2, 2017. 4. Any responsive notice of intent to call witnesses is due on or before June 16, 2017. 5. The motions hearing currently set for June 6, 2017 is CANCELED and RESCHEDULED for June 23, 2017 at 9:00 AM in Courtroom 8E (Mpls) before Magistrate Judge Katherine M. Menendez. Signed by Magistrate Judge Katherine M. Menendez on 5/17/17. (MG) (Entered: 05/17/2017) |
| 06/02/2017 | 57 | RESPONSE to Motion by USA as to Paul R Hansmeier re 53 MOTION for Disclosure *of 404 Evidence*, 52 MOTION for Discovery *of Expert Under Rule 16(a)(1)(G)*, 48 MOTION to Dismiss , 50 MOTION for Bill of Particulars , 51 MOTION for Discovery and Inspection (Langner, Benjamin) (Entered: 06/02/2017) |
| 06/14/2017 | 58 | MOTION for Release of Brady Materials by Paul R Hansmeier. (Mohring, Andrew) (Entered: 06/14/2017) |
| 06/16/2017 | 59 | REPLY TO RESPONSE to Motion by Paul R Hansmeier re 48 MOTION to Dismiss (Mohring, Andrew) (Entered: 06/16/2017) |
| 06/16/2017 | 60 | REPLY TO RESPONSE to Motion by Paul R Hansmeier re 58 MOTION for Release of Brady Materials , 53 MOTION for Disclosure *of 404 Evidence*, 52 MOTION for Discovery *of Expert Under Rule 16(a)(1)(G)*, 33 MOTION for Discovery , 50 MOTION for Bill of Particulars , 51 MOTION for Discovery and Inspection (Mohring, Andrew) (Entered: 06/16/2017) |
| 06/23/2017 | 61 | Minute Entry for proceedings held before Magistrate Judge Katherine M. Menendez: Motion Hearing as to Paul R Hansmeier held on 6/23/2017:<br><br>**Non–Dispositive Motions 33, 50, 51, 52, 53, 58 and Dispositive Motion 48** taken under advisement 6/23/2017. Order and R&R to be issued. (Court Reporter Staci Heichert) (LPH) (Entered: 06/23/2017) |
| 06/23/2017 | 62 | TRANSCRIPT REQUEST by Paul R Hansmeier for an Expedited 14–Day Transcript of 61 Motion Hearing, to Court Reporter Staci Heichert. (Atwal, Manvir) (Entered: 06/23/2017) |
| 06/26/2017 | 63 | ORDER granting 33 Motion for Discovery; denying 50 Motion for Bill of Particulars; granting 51 Motion for Discovery and Inspection; granting in part 52 Motion for Discovery; granting in part 53 Motion for Disclosure; granting 58 Motion for Release of Brady Materials as to Paul R Hansmeier (1). Signed by Magistrate Judge Katherine M. Menendez on 6/26/17. (LPH) (Entered: 06/26/2017) |
| 06/28/2017 | 64 | NOTICE of Filing of Official Transcript as to Paul R Hansmeier. This filing has 1 transcript(s) associated with it. (SAH) (Entered: 06/28/2017) |
| 06/28/2017 | 65 | TRANSCRIPT of Motions Hearing held on 6/23/2017 before Magistrate Judge Katherine M. Menendez as to Paul R Hansmeier. (68 pages). Court Reporter: Staci Heichert. For a copy of the transcript, please file a Transcript Request under *Other Filings/Other Documents*.<br><br>For information on redaction procedures, please review Local Rule 5.5. Redaction Request due 7/19/2017. Redacted Transcript Deadline set for 7/31/2017. Release of Transcript Restriction set for 9/26/2017. (SAH) (Entered: 06/28/2017) |
| 07/24/2017 | 66 | |

| | | |
|---|---|---|
| | | REPORT AND RECOMMENDATION as to Paul R Hansmeier recommends <u>48</u> MOTION to Dismiss be denied. Objections to R&R due by 8/7/2017. Responses to Objections to R&R due by 8/21/2017. Order on R&R Issue Date 9/20/2017. Signed by Magistrate Judge Katherine M. Menendez on 7/24/17. (AKL) (Entered: 07/24/2017) |
| 08/02/2017 | <u>67</u> | MOTION to Exclude Time Under the Speedy Trial Act by Paul R Hansmeier. (Atwal, Manvir) (Entered: 08/02/2017) |
| 08/02/2017 | <u>68</u> | STATEMENT OF FACTS in Support of Exclusion of Time Under the Speedy Trial Act by Paul R Hansmeier re <u>67</u> MOTION to Exclude Time Under the Speedy Trial Act (Atwal, Manvir) (Entered: 08/02/2017) |
| 08/03/2017 | <u>69</u> | NOTICE OF ATTORNEY APPEARANCE/SUBSTITUTION for Paul R Hansmeier. (Atwal, Manvir) (Entered: 08/03/2017) |
| 08/07/2017 | <u>70</u> | MOTION for Extension of Time to File *Objections to Report and Recommendation* by Paul R Hansmeier. (Atwal, Manvir) (Entered: 08/07/2017) |
| 08/07/2017 | 71 | TEXT–ONLY ORDER granting Defendant's <u>70</u> Motion for Extension of Time to File Objections to Report and Recommendation as to Paul R Hansmeier (1). The parties' Objections to the Report and Recommendation due by 8/14/2017. Responses to Objections to R&R due by 8/28/2017. Defendant's request for a five–page extension to the page limits is approved as to both parties. Signed by Judge Joan N. Ericksen on August 7, 2017. (CBC) (Entered: 08/07/2017) |
| 08/10/2017 | <u>72</u> | ORDER granting <u>67</u> Motion to Exclude Time Under the Speedy Trial Act as to Paul R Hansmeier (1). Signed by Judge Joan N. Ericksen on August 10, 2017. (CBC) (Entered: 08/10/2017) |
| 08/14/2017 | <u>73</u> | OBJECTION TO REPORT AND RECOMMENDATIONS re: <u>66</u> by Paul R Hansmeier (Atwal, Manvir) (Entered: 08/14/2017) |
| 08/21/2017 | <u>74</u> | TRANSCRIPT REQUEST by USA as to Paul R Hansmeier for a COPY OF <u>65</u> Transcript(s) to Court Reporter Staci Heichert. (Langner, Benjamin) Modified text on 8/23/2017 (LEG). (Entered: 08/21/2017) |
| 08/28/2017 | <u>75</u> | RESPONSE by USA as to Paul R Hansmeier re <u>73</u> Objection to Report and Recommendations (Langner, Benjamin) (Entered: 08/28/2017) |
| 09/08/2017 | <u>76</u> | ORDER adopting Report and Recommendation <u>66</u> . Defendant Paul R. Hansmeier's Motion to Dismiss [Dkt. No. 48] is DENIED. (Written Opinion) Signed by Judge Joan N. Ericksen on September 8, 2017. (CBC) (Entered: 09/08/2017) |
| 02/13/2018 | <u>79</u> | TRIAL NOTICE as to Paul R Hansmeier. Jury Trial set for 3/19/2018 09:30 AM in Courtroom 12W (MPLS) before Judge Joan N. Ericksen. See Order for other dates and deadlines.(CBC) (Entered: 02/13/2018) |
| 02/16/2018 | <u>80</u> | MOTION to Exclude Time Under the Speedy Trial Act by Paul R Hansmeier. (Atwal, Manvir) (Entered: 02/16/2018) |
| 02/16/2018 | <u>81</u> | STATEMENT OF FACTS in Support of Exclusion of Time Under the Speedy Trial Act by Paul R Hansmeier re <u>80</u> MOTION to Exclude Time Under the Speedy Trial Act (Atwal, Manvir) (Entered: 02/16/2018) |
| 02/20/2018 | <u>82</u> | ORDER granting Second <u>80</u> Motion to Continue Trial and Exclude Time Under the Speedy Trial Act as to Paul R Hansmeier (1). The Jury Trial set for March 19, 2018, |

| | | is CANCELLED and will now commence on September 4, 2018 at 9:30 AM in Courtroom 12W (MPLS) before Judge Joan N. Ericksen. Please see Order for other dates and deadlines. Signed by Judge Joan N. Ericksen on 2/20/2018. (CBC) (Entered: 02/20/2018) |
|---|---|---|
| 06/13/2018 | 83 | (Text–only) NOTICE of Cancellation & Rescheduling of Status Conference as to Paul R Hansmeier. The Status Conference set for 8/27/2018 at 9:30 AM is RESCHEDULED for 9/4/2018 at 9:30 AM. The Jury Trial will commence on 9/5/2018 at 09:30 AM in Courtroom 12W (MPLS) before Judge Joan N. Ericksen. (CBC) (Entered: 06/13/2018) |
| 06/13/2018 | | *** Set/Reset Deadlines/Hearings as to Paul R Hansmeier: Status Conference set for 9/4/2018 at 09:30 AM in Courtroom 12W (MPLS) before Judge Joan N. Ericksen. (MMG) (Entered: 06/14/2018) |
| 07/20/2018 | 84 | FILED IN ERROR. (Text–only) NOTICE OF SETTING CHANGE OF PLEA as to Paul R Hansmeier. Change of Plea Hearing set for 7/25/2018 at 09:30 AM in Courtroom 12W (MPLS) before Judge Joan N. Ericksen. (CBC) Modified text on 7/20/2018 (LEG). (Entered: 07/20/2018) |
| 08/02/2018 | 85 | (Text–only) ORDER IN RESPONSE to e–mail. The Government's unopposed request to extend the due date for trial–related documents is granted. Trial–related documents are due by 5:00 PM on 8/15/2018. Responses to trial–related motions are due by 5:00 PM on 8/22/2018. Ordered by Judge Joan N. Ericksen on 8/2/2018. (CBC) (Entered: 08/02/2018) |
| 08/14/2018 | 95 | Proposed Voir Dire by Paul R Hansmeier (Atwal, Manvir) (Entered: 08/14/2018) |
| 08/14/2018 | 96 | Proposed Jury Instructions by Paul R Hansmeier (Atwal, Manvir) (Entered: 08/14/2018) |
| 08/17/2018 | 101 | (Text–only) NOTICE OF SETTING CHANGE OF PLEA as to Paul R Hansmeier. Change of Plea Hearing set for 8/17/2018 at 09:30 AM in Courtroom 12W (MPLS) before Judge Joan N. Ericksen. (CBC) (Entered: 08/17/2018) |
| 08/17/2018 | 102 | Minute Entry for proceedings held before Judge Joan N. Ericksen: Change of Plea Hearing as to Paul R. Hansmeier (1) held on 8/17/2018. Plea entered Guilty to Counts 1 and 17 of the Indictment. (Court Reporter Kristine Mousseau) (MAH) (Entered: 08/17/2018) |
| 08/17/2018 | 103 | PLEA AGREEMENT as to Paul R Hansmeier. (MMP) Document QC'd on 8/29/2018 (JGK). (Entered: 08/17/2018) |
| 08/23/2018 | 105 | TRANSCRIPT REQUEST by Paul R Hansmeier for a 30–Day Transcript of 102 Change of Plea Hearing and Plea Entered to Court Reporter Kristine Mousseau. (Atwal, Manvir) (Entered: 08/23/2018) |
| 09/10/2018 | 106 | NOTICE of Filing of Official Transcript as to Paul R Hansmeier. This filing has 1 transcript(s) associated with it. (KM) (Entered: 09/10/2018) |
| 09/10/2018 | 107 | TRANSCRIPT of Change of Plea Hearing held on 08/17/2018 before Judge Joan N. Ericksen as to Paul R Hansmeier. (35 pages). Court Reporter: Kristine Mousseau. For a copy of the transcript, please file a Transcript Request under *Other Filings/Other Documents*. |

| | | |
|---|---|---|
| | | For information on redaction procedures, please review <u>Local Rule 5.5</u>. Redaction Request due 10/1/2018. Redacted Transcript Deadline set for 10/11/2018. Release of Transcript Restriction set for 12/10/2018. (KM) (Entered: 09/10/2018) |
| 10/12/2018 | <u>108</u> | TRANSCRIPT REQUEST by USA as to Paul R Hansmeier for a COPY OF <u>107</u> <u>Transcript&#040s&#041</u> to Court Reporter Kristine Mousseau. (MacLaughlin, David) (Entered: 10/12/2018) |
| 11/30/2018 | <u>109</u> | Letter to the Court re: Preliminary Notice as to Paul R Hansmeier. (TMK) (Entered: 11/30/2018) |
| 12/13/2018 | <u>111</u> | MOTION for Extension of Time to File Objections to Presentence Investigation Report by Paul R Hansmeier. (Atwal, Manvir) (Entered: 12/13/2018) |
| 12/14/2018 | 112 | TEXT−ONLY ORDER granting Defendant's <u>111</u> Motion for Extension of Time to File Objections to preliminary Presentence Investigation Report as to Paul R Hansmeier (1). The correspondence and pleadings for both parties are due on January 4, 2019. Signed by Judge Joan N. Ericksen on 12/14/2018. (CBC) (Entered: 12/14/2018) |
| 01/04/2019 | <u>113</u> | Second MOTION for Extension of Time to File Objections to Presentence Investigation Report by Paul R Hansmeier. (Atwal, Manvir) (Entered: 01/04/2019) |
| 01/07/2019 | 114 | TEXT−ONLY ORDER granting Defendant's <u>113</u> Motion for Extension of Time to File Objections to preliminary Presentence Investigation Report as to Paul R Hansmeier (1). The objections are due January 11, 2019. Signed by Judge Joan N. Ericksen on 1/7/2019. (CBC) (Entered: 01/07/2019) |
| 02/25/2019 | <u>120</u> | PRESENTENCE REPORT/ADDENDUM as to Paul R Hansmeier. (TMK) (Entered: 02/25/2019) |
| 03/06/2019 | <u>124</u> | MOTION for Extension of Time to File Position Pleadings by Paul R Hansmeier. (Atwal, Manvir) (Entered: 03/06/2019) |
| 03/06/2019 | 125 | TEXT−ONLY ORDER granting Defendant's <u>124</u> Motion for a Two−Week Extension of Time to File Position Pleadings as to Paul R Hansmeier (1). The parties' position pleadings are due Monday, March 25, 2019. Signed by Judge Joan N. Ericksen on 3/6/2019. (CBC) (Entered: 03/06/2019) |
| 03/25/2019 | <u>126</u> | POSITION ON SENTENCING/SENTENCING MEMORANDUM by Paul R Hansmeier (Atwal, Manvir) (Entered: 03/25/2019) |
| 03/25/2019 | <u>127</u> | POSITION ON SENTENCING/SENTENCING MEMORANDUM by USA as to Paul R Hansmeier (Attachments: # <u>1</u> Exhibit(s), # <u>2</u> Exhibit(s), # <u>3</u> Exhibit(s), # <u>4</u> Exhibit(s), # <u>5</u> Exhibit(s), # <u>6</u> Exhibit(s), # <u>7</u> Exhibit(s)) (Langner, Benjamin) (Entered: 03/25/2019) |
| 04/17/2019 | 128 | (Text−only) NOTICE of Setting Sentencing as to Paul R Hansmeier: Sentencing set for 6/4/2019 at 09:30 AM in Courtroom 12W (MPLS) before Judge Joan N. Ericksen. (CBC) (Entered: 04/17/2019) |
| 05/29/2019 | <u>130</u> | Letters, E−mails, and Other Sentencing Hearing Materials as to Paul R Hansmeier. (Entered: 05/29/2019) |
| 05/29/2019 | <u>131</u> | RESPONSE by USA as to Paul R Hansmeier re <u>126</u> Position on Sentencing/Sentencing Memorandum (Langner, Benjamin) (Entered: 05/29/2019) |

| 05/30/2019 | 132 | MOTION for Post–Sentencing Release Pending Appeal by Paul R Hansmeier. (Atwal, Manvir) (Entered: 05/30/2019) |
|---|---|---|
| 05/31/2019 | 133 | (Text–only) NOTICE of Cancellation & Rescheduling of Sentencing as to Paul R Hansmeier. Sentencing RESET for 6/14/2019 at 09:30 AM in Courtroom 12W (MPLS) before Judge Joan N. Ericksen. (CBC) (Entered: 05/31/2019) |
| 06/12/2019 | 134 | RESPONSE to Motion by USA as to Paul R Hansmeier re 132 MOTION for Post–Sentencing Release Pending Appeal (Langner, Benjamin) (Entered: 06/12/2019) |
| 06/14/2019 | 135 | Minute Entry for proceedings held before Judge Joan N. Ericksen: Sentencing held on 6/14/2019 for Paul R Hansmeier. (Court Reporter Kristine Mousseau) (MAH) (Entered: 06/14/2019) |
| 06/17/2019 | 136 | SENTENCING JUDGMENT as to Paul R Hansmeier (1), SENTENCED to Counts 1 and 17, Custody of BOP for 168 months as to Count 1 and 168 months as to Count 17 to be served concurrently; 2 years Supervised Release; $200 Special Assessment; $1,541,527.37 Restitution.; Remaining counts dismissed. Signed by Judge Joan N. Ericksen on 6/14/2019. (kt) (Entered: 06/17/2019) |
| 06/17/2019 | 137 | Statement of Reasons (Restricted Document) as to Paul R Hansmeier. cc: FLU, USA Close Out Unit. (kt) (Entered: 06/17/2019) |
| 06/18/2019 | 138 | TRANSCRIPT REQUEST for an Expedited 14–Day Transcript of 135 Order on Motion for Miscellaneous Relief, Sentencing to Court Reporter Kristine Mousseau. (Eiglarsh, Mark) (Entered: 06/18/2019) |
| 06/18/2019 | 139 | TRANSCRIPT REQUEST for an Expedited 7–Day Transcript of 135 Order on Motion for Miscellaneous Relief, Sentencing to Court Reporter Kristine Mousseau. (Eiglarsh, Mark) (Entered: 06/18/2019) |
| 06/18/2019 | 140 | SENTENCING WITNESS LIST. (CBC) (Entered: 06/18/2019) |
| 06/19/2019 | 141 | SENTENCING EXHIBIT LIST. (CBC) (Entered: 06/19/2019) |
| 06/21/2019 | 143 | MOTION to Amend/Correct 136 Sentencing Judgment, *Payment Plan* by USA as to Paul R Hansmeier. (Voss, Ana) (Entered: 06/21/2019) |
| 06/21/2019 | 144 | PROPOSED ORDER TO JUDGE re 143 MOTION to Amend/Correct 136 Sentencing Judgment, *Payment Plan* by USA as to Paul R Hansmeier (Voss, Ana) (Entered: 06/21/2019) |
| 06/21/2019 | 145 | Certificate of Service by USA as to Paul R Hansmeier re 144 Proposed Order to Judge, 143 MOTION to Amend/Correct 136 Sentencing Judgment, *Payment Plan* . (Voss, Ana) (Entered: 06/21/2019) |
| 06/24/2019 | 146 | NOTICE of Filing of Official Transcript as to Paul R Hansmeier. This filing has 1 transcript(s) associated with it. (KM) (Entered: 06/24/2019) |
| 06/24/2019 | 147 | TRANSCRIPT of Evidentiary Sentencing Hearing held on 06/14/2019 before Judge Joan N. Ericksen as to Paul R Hansmeier. (69 pages). Court Reporter: Kristine Mousseau. For a copy of the transcript, please file a Transcript Request under *Other Filings/Other Documents*. <br><br> For information on redaction procedures, please review Local Rule 5.5. Redaction Request due 7/15/2019. Redacted Transcript Deadline set for 7/25/2019. Release of |

| | | Transcript Restriction set for 9/23/2019. (KM) (Entered: 06/24/2019) |
|---|---|---|
| 06/24/2019 | 148 | ORDER granting 143 Motion to Amend/Correct Sentencing Judgment Payment Plan as to Paul R Hansmeier (1). Signed by Judge Joan N. Ericksen on 6/24/2019. (CBC) (Entered: 06/24/2019) |
| 06/26/2019 | 149 | NOTICE OF APPEAL by Paul R Hansmeier re 136 Sentencing Judgment, (Atwal, Manvir) (Entered: 06/26/2019) |
| 06/27/2019 | 150 | TRANSCRIPT REQUEST for a COPY OF 147 Transcript&#040s&#041 to Court Reporter Kristine Mousseau. (Atwal, Manvir) (Entered: 06/27/2019) |
| 06/28/2019 | 151 | REDACTED REVISED INFORMATION SHEET TO U. S. COURT OF APPEALS, 8TH CIRCUIT as to Paul R Hansmeier. ** Pursuant to Fed.R.Crim.P. 49.1, an unredacted version of this document has been filed under seal with the Clerk. (MTP) (Entered: 06/28/2019) |
| 06/28/2019 | 152 | Unredacted Revised Defendant Information Sheet as to Paul R Hansmeier. (MTP) (Entered: 06/28/2019) |
| 06/28/2019 | | Electronic transmission of Notice of Appeal and Docket Sheet as to Paul R Hansmeier to US Court of Appeals re 149 Notice of Appeal – Final Judgment. Transmitted electronically the following documents: Notice of Appeal 149 , Judgment 136 , Redacted Revised Information Sheet 151 , Unredacted Revised Information Sheet 152 , and District Court's Docket Sheet. (MTP) (Entered: 06/28/2019) |
| 06/28/2019 | | TEXT ONLY ENTRY: USCA Case Number as to Paul R Hansmeier 19–2386 for 149 Notice of Appeal – Final Judgment filed by Paul R Hansmeier. (KNK) (Entered: 07/01/2019) |
| 07/01/2019 | 153 | TRANSMITTAL OF RECORDS as to Paul R Hansmeier re: Transcripts 147 , 107 , 65 sent to the USCA. (MMG) (Entered: 07/01/2019) |
| 07/02/2019 | 154 | TRANSMITTAL OF RECORDS as to Paul R Hansmeier re: PSI and SOR sent to the USCA. (lmb) (Entered: 07/02/2019) |
| 07/10/2019 | 158 | EXHIBIT *1* by USA as to Paul R Hansmeier. (Langner, Benjamin) (Entered: 07/10/2019) |
| 07/10/2019 | 159 | EXHIBIT *2* by USA as to Paul R Hansmeier. (Langner, Benjamin) (Entered: 07/10/2019) |
| 07/10/2019 | 160 | EXHIBIT *3* by USA as to Paul R Hansmeier. (Langner, Benjamin) (Entered: 07/10/2019) |
| 07/10/2019 | 161 | EXHIBIT *4* by USA as to Paul R Hansmeier. (Langner, Benjamin) (Entered: 07/10/2019) |
| 07/30/2019 | 166 | NOTICE OF ATTORNEY APPEARANCE/SUBSTITUTION for Paul R Hansmeier. (Mohring, Andrew) (Entered: 07/30/2019) |
| 04/01/2020 | 169 | PRO SE MOTION FOR RELEASE PENDING APPEAL by Paul R Hansmeier. (Attachments: # 1 Envelope) (KNK) Document QC'd on 4/8/2020 (JGK). (Entered: 04/01/2020) |
| 04/01/2020 | 170 | |

| | | |
|---|---|---|
| | | PRO SE MEMORANDUM in Support by Paul R Hansmeier re 169 MOTION for Release from Custody. (KNK) Document QC'd on 4/8/2020 (JGK). (Entered: 04/01/2020) |
| 04/02/2020 | 171 | (Text–Only) ORDER FOR PARTY TO RESPOND TO COURT re Pro Se 169 MOTION for Release from Custody as to Paul R Hansmeier. The Government shall file a responsive memorandum addressing Defendant's motion by April 9, 2020. Ordered by Judge Joan N. Ericksen on 4/2/2020. (CBC) (Entered: 04/02/2020) |
| 04/09/2020 | 172 | RESPONSE to Motion by USA as to Paul R Hansmeier re 169 MOTION for Release from Custody (Attachments: # 1 Certificate of Service)(MacLaughlin, David) (Entered: 04/09/2020) |
| 04/10/2020 | | TEXT ONLY ENTRY: Notice to USCA of Subsequent Filing in a Criminal Case, Re: Exhibit 159 , Order for Party to File Document/Respond to Court, 171 , Motion for Release from Custody 169 , Exhibit 158 , Exhibit 161 , Memorandum in Support of Motion 170 , Notice of Attorney Appearance/Substitution – Defendant 166 , Response to Motion 172 , Exhibit 160 as to Paul R Hansmeier. (kt) (Entered: 04/10/2020) |
| 04/10/2020 | 173 | ORDER denying 169 Motion for Release from Custody as to Paul R Hansmeier (1). Signed by Judge Joan N. Ericksen on 4/10/2020. (CBC) cc: Hansmeier. Modified text on 4/14/2020 (MKB). (Entered: 04/10/2020) |
| 04/10/2020 | | TEXT ONLY ENTRY: Notice to USCA of Subsequent Filing in a Criminal Case, Re: Order on Motion for Release from Custody 173 as to Paul R Hansmeier. (MKB) (Entered: 04/13/2020) |
| 04/16/2020 | 174 | PRO SE REPLY MEMORANDUM IN SUPPORT OF re 169 MOTION for Release Pending Appeal filed by Paul R. HaNsmeier (Attachments: # 1 Envelope)(KNK) DOCUMENT QC'd by LJG on 4/21/2020 (LJG). (Entered: 04/16/2020) |
| 04/16/2020 | | TEXT ONLY ENTRY: Notice to USCA of Subsequent Filing in a Criminal Case, Re: Reply to Response 174 as to Paul R Hansmeier. (MKB) (Entered: 04/17/2020) |
| 04/30/2020 | 175 | PRO SE BRIEF filed by Paul R Hansmeier (Attachments: # 1 Envelope) (KNK) (Additional attachment(s) added on 5/11/2020: # 2 Pro Se Brief – 15 pgs) (MTP). cc: Hansmeier. Document QC'd on 5/11/2020 (MTP). (Entered: 04/30/2020) |
| 04/30/2020 | | TEXT ONLY ENTRY: Notice to USCA of Subsequent Filing in a Criminal Case, Re: Brief 175 as to Paul R Hansmeier. (KNK) (Entered: 04/30/2020) |
| 05/11/2020 | | NOTICE OF DOCKETING CORRECTION re 175 missing pages 6, 12, 13 added. cc: Hansmeier. (MTP) (Entered: 05/11/2020) |
| 06/01/2020 | 176 | PRO SE MOTION for an Order Indicating to the Eighth Circuit that it would reconsider it's Order Hansmeier's Denying Motion to Dismiss by Paul R Hansmeier. (Attachments: # 1 Envelope) (KNK). Document QC'd on 7/4/2020 (MTP). (Entered: 06/02/2020) |
| 06/03/2020 | | TEXT ONLY ENTRY: Notice to USCA of Subsequent Filing in a Criminal Case, Re: Motion for Order for 176 as to Paul R Hansmeier. (KNK) (Entered: 06/03/2020) |
| 06/04/2020 | 177 | ORDER re Pro Se 176 Motion for Indicative Ruling as to Paul R Hansmeier (1). Signed by Judge Joan N. Ericksen on 6/4/2020. (CBC) cc: Hansmeier. Modified text on 6/5/2020 (MKB). (Entered: 06/04/2020) |

| 07/20/2020 | 178 | PRO SE NOTICE of Change in Economic Circumstances by Paul R Hansmeier (Attachments: # 1 Envelope)(MTP) Document QC'd on 7/24/2020 (MMG). (Entered: 07/20/2020) |
|---|---|---|
| 02/10/2021 | 188 | Opinion of USCA (electronic copy) as to Paul R Hansmeier re 149 Notice of Appeal – Final Judgment. (lmb) (Entered: 02/10/2021) |
| 02/10/2021 | 189 | JUDGMENT of USCA (electronic copy) as to Paul R Hansmeier re 149 Notice of Appeal – Final Judgment. (lmb) (Entered: 02/10/2021) |
| 04/02/2021 | 190 | MANDATE of USCA (electronic copy) as to Paul R Hansmeier re 149 Notice of Appeal – Final Judgment (KNK) (Entered: 04/03/2021) |
| 06/01/2021 | 192 | PRO SE MOTION to Reduce Sentence – USSC Amendment by Paul R Hansmeier. (Attachments: # 1 Envelope) (KNK) Document QC'd on 6/18/2021 (MMG). (Entered: 06/01/2021) |
| 06/01/2021 | 193 | PRO SE MEMORANDUM in Support by Paul R Hansmeier re 192 MOTION to Reduce Sentence – USSC Amendment (KNK) (Entered: 06/01/2021) |
| 07/07/2021 | 194 | ORDER REGARDING Pro Se 192 MOTION to Reduce Sentence – USSC Amendment as to Paul R Hansmeier. Government's Response due 7/21/2021. Defendant's Reply due 8/4/2021. Signed by Judge Joan N. Ericksen on 7/7/2021. (CBC) cc: Hansmeier. Modified text on 7/8/2021 (MKB). (Entered: 07/07/2021) |
| 07/20/2021 | 195 | RESPONSE to Motion by USA as to Paul R Hansmeier re 192 MOTION to Reduce Sentence – USSC Amendment (Attachments: # 1 Exhibit(s) 1)(MacLaughlin, David) (Entered: 07/20/2021) |
| 07/21/2021 | 196 | NOTICE FROM THE SUPREME COURT OF THE UNITED STATES OF FILING PETITION FOR CERTIORARI as to Paul R Hansmeier. (KNK) (Entered: 07/22/2021) |
| 08/02/2021 | 197 | PRO SE DEFENDANT'S REPLY/MEMORANDUM in Support by Paul R Hansmeier re 192 MOTION to Reduce Sentence – USSC Amendment (Attachments: # 1 Envelope)(KNK) Qc'd on 8/17/2021 (KNK). (Entered: 08/02/2021) |
| 08/09/2021 | 198 | ORDER re 192 Motion to Reduce Sentence – USSC Amendment as to Paul R Hansmeier (1). Signed by Judge Joan N. Ericksen on 8/6/2021. (CBC) cc: Hansmeier. Modified text on 8/10/2021 (MKB). (Entered: 08/09/2021) |
| 08/12/2021 | 199 | PRO SE LETTER to District Judge Joan N. Ericksen by Paul R Hansmeier. (Attachments: # 1 Envelope) (KNK) Document QC'd on 8/23/2021 (MTP). (Entered: 08/12/2021) |
| 09/03/2021 | 200 | PRO SE LETTER REQUEST FOR RECONSIDERATION by Paul R Hansmeier (Attachments: # 1 Envelope) (KNK)Document QC'd on 9/29/2021 (MTP). (Entered: 09/03/2021) |
| 09/10/2021 | 201 | ORDER re 200 pro se letter request for reconsideration as to Paul R Hansmeier (1). Signed by Judge Joan N. Ericksen on 9/10/2021. (CBC) cc: Hansmeier. Modified text on 9/13/2021 (MKB). (Entered: 09/10/2021) |
| 10/04/2021 | 207 | NOTICE FROM THE SUPREME COURT OF THE UNITED STATES OF FILING PETITION FOR CERTIORARI as to Paul R Hansmeier. The petition for a writ of certiorari is denied. (MTP) (Entered: 10/05/2021) |

| | | |
|---|---|---|
| 12/27/2021 | 208 | PRO SE MOTION FOR BAIL AND MEMORANDUM IN SUPPORT by Paul R Hansmeier. (Attachments: # 1 Envelope) (kt) Document QCd on 2/1/2022 (MMG). (Entered: 12/28/2021) |
| 12/27/2021 | 209 | PRO SE MOTION to Vacate under 28 U.S.C. 2255 by Paul R Hansmeier. (Attachments: # 1 Envelope) (kt)<br>Civil case 0:21–cv–02751–JNE opened. Document QCd on 2/1/2022 (MMG). (Entered: 12/28/2021) |
| 12/27/2021 | 210 | PRO SE BRIEF by Paul R Hansmeier re 209 PRO SE MOTION to Vacate under 28 U.S.C. 2255. (kt) Document QCd on 2/1/2022 (MMG). (Entered: 12/28/2021) |
| 01/06/2022 | 211 | PRO SE MOTION AND MEMORANDUM IN SUPPORT to Reduce Term of Sentence/Compassionate Release from Custody by Paul R Hansmeier. (Attachments: # 1 Exhibit(s), # 2 Envelope) (KNK) Document QCd on 2/25/2022 (MMG). (Additional attachment(s) added on 2/25/2022: # 3 Motion/Memorandum Re–Scan of Complete Document, # 4 Exhibit(s) Re–Scan of Exhibits in Correct Order A–D) (MMG). (Entered: 01/07/2022) |
| 01/18/2022 | 212 | ORDER FOR PARTY TO FILE DOCUMENT/RESPOND TO COURT re 209 MOTION to Vacate under 28 U.S.C. 2255 as to Paul R Hansmeier. Government's Response due by 2/1/2022. Defendant's Reply due by 2/15/2022. Signed by Judge Joan N. Ericksen on 1/18/2022. (CBC) cc: Hansmeier. Modified text on 1/19/2022 (MKB). (Entered: 01/18/2022) |
| 01/27/2022 | 213 | MOTION for Extension of Time to File Response/Reply as to 210 Brief, 209 MOTION to Vacate under 28 U.S.C. 2255 by USA as to Paul R Hansmeier. (MacLaughlin, David) (Entered: 01/27/2022) |
| 01/28/2022 | 214 | Certificate of Service by USA as to Paul R Hansmeier re 213 MOTION for Extension of Time to File Response/Reply as to 210 Brief, 209 MOTION to Vacate under 28 U.S.C. 2255 . (MacLaughlin, David) (Entered: 01/28/2022) |
| 01/31/2022 | 215 | ORDER granting Government's 213 Motion for Extension of Time to File Response as to Paul R Hansmeier (1). Government's response due by 2/22/2022. Defendant's Reply due by 3/15/2022. Signed by Judge Joan N. Ericksen on 1/31/2022. (CBC) cc: Hansmeier. Modified text on 1/31/2022 (MKB). (Entered: 01/31/2022) |
| 02/07/2022 | 216 | PRO SE RESPONSE in Opposition by Paul R Hansmeier re 213 MOTION for Extension of Time to File Response/Reply as to 210 Brief, 209 MOTION to Vacate under 28 U.S.C. 2255 (Attachments: # 1 Envelope)(kt) Document QC'd on 2/11/2022 (ACH). (Entered: 02/07/2022) |
| 02/11/2022 | 217 | Second MOTION for Extension of Time to File Response/Reply as to 210 Brief, 209 MOTION to Vacate under 28 U.S.C. 2255 by USA as to Paul R Hansmeier. (Attachments: # 1 Certificate of Service) (MacLaughlin, David) (Entered: 02/11/2022) |
| 02/15/2022 | 218 | (Text–Only) ORDER granting Government's Second 217 Motion for Extension of Time to File Response/Reply as to Paul R Hansmeier (1). The Government's response to Mr. Hansmeier's motions due by March 08, 2022. Defendant's reply due by March 29, 2022. Ordered by Judge Joan N. Ericksen on 2/15/2022. (CBC) cc: Hansmeier. Modified text on 2/16/2022 (MKB). (Entered: 02/15/2022) |
| 02/25/2022 | | NOTICE OF DOCKETING CORRECTION: 211 When we received these documents the exhibits were wedged between the pages of the motion so part of the |

| | | |
|---|---|---|
| | | motion pages were mistakenly scanned in with the exhibit attachment. The motion and exhibit documents have been separated from each other and attached to the original filing. (MMG) (Entered: 02/25/2022) |
| 02/28/2022 | 219 | PRO SE OPPOSITION to Respondent's Second Motion by Paul R Hansmeier re 217 Second MOTION for Extension of Time to File Response/Reply as to 210 Brief, 209 MOTION to Vacate under 28 U.S.C. 2255 (Attachments: # 1 Envelope)(KNK) Document QC'd on 3/9/2022 (MTB). (Entered: 02/28/2022) |
| 03/04/2022 | 220 | MOTION for Extension of Time to File Response/Reply as to 210 Brief, 209 MOTION to Vacate under 28 U.S.C. 2255 by USA as to Paul R Hansmeier. (Attachments: # 1 Certificate of Service) (MacLaughlin, David) (Entered: 03/04/2022) |
| 03/07/2022 | 221 | (Text–Only) ORDER granting Government's 220 Motion for Extension of Time to File Response/Reply as to Paul R Hansmeier (1). The Government's response to Mr. Hansmeier's motions due by March 15, 2022. Defendant's reply due by April 5, 2022. Ordered by Judge Joan N. Ericksen on 3/7/2022. (CBC) cc: Hansmeier. Modified text on 3/8/2022 (MKB). (Entered: 03/07/2022) |
| 03/14/2022 | 222 | PRO SE RESPONSE by Paul R Hansmeier re 220 MOTION for Extension of Time to File Response/Reply as to 210 Brief, 209 MOTION to Vacate under 28 U.S.C. 2255 (Attachments: # 1 Envelope)(KNK) Document QC'd on 3/31/2022 (MTB). (Entered: 03/14/2022) |
| 03/15/2022 | 223 | RESPONSE to Motion by USA as to Paul R Hansmeier re 209 MOTION to Vacate under 28 U.S.C. 2255 (Attachments: # 1 Certificate of Service)(MacLaughlin, David) (Entered: 03/15/2022) |
| 03/25/2022 | 224 | PRO SE MOTION/REQUEST for Extension of Time to File Reply in Support of 209 MOTION to Vacate under 28 U.S.C. 2255 by Paul R Hansmeier. (Attachments: # 1 Envelope) (MKB) Document QC'd on 4/28/2022 (MTB). (Entered: 03/25/2022) |
| 03/28/2022 | 225 | (Text–Only) ORDER granting Pro Se 224 Motion for Extension of Time to File Reply in Support of 209 MOTION to Vacate under 28 U.S.C. 2255 as to Paul R Hansmeier (1). Defendant's reply due by 4/19/2022. Ordered by Judge Joan N. Ericksen on 3/28/2022. (CBC) cc: Hansmeier. Modified text on 3/29/2022 (MKB). (Entered: 03/28/2022) |
| 04/21/2022 | 226 | PRO SE REPLY BRIEF In Support of re 209 MOTION to Vacate under 28 U.S.C. 2255 by Paul R Hansmeier (Attachments: # 1 Envelope)(KNK) Document QC'd on 5/26/2022 (MTB). (Entered: 04/22/2022) |
| 05/17/2022 | 227 | MOTION to Amend/Correct 136 Sentencing Judgment, *ORDER OF RESTITUTION* by USA as to Paul R Hansmeier. (Attachments: # 1 Certificate of Service) (MacLaughlin, David) (Entered: 05/17/2022) |
| 05/19/2022 | 228 | ORDER: The United States' Motion for Amended Order of Restitution [Docket No. 227 ] is GRANTED as to Paul R Hansmeier (1). Signed by Judge Joan N. Ericksen on 5/19/2022. (CBC) cc: Hansmeier. Modified text on 5/20/2022 (MKB). (Entered: 05/19/2022) |
| 05/31/2022 | 229 | PRO SE NOTICE OF APPEAL by Paul R Hansmeier re 228 Order on Motion to Amend/Correct. (Attachments: # 1 Envelope)(KNK) Qc'd on 6/17/2022 (KNK). (Entered: 05/31/2022) |

| 06/01/2022 | 230 | REVISED INFORMATION SHEET TO U. S. COURT OF APPEALS, 8TH CIRCUIT as to Paul R Hansmeier. (MKB) (Entered: 06/01/2022) |
|---|---|---|
| 06/01/2022 | | Electronic transmission of Notice of Appeal and Docket Sheet as to Paul R Hansmeier to US Court of Appeals re 229 Notice of Appeal – Order. Transmitted electronically the following documents: Notice of Appeal 229 , Order 228 , Revised Information Sheet 230 and District Court's Docket Sheet. (MKB) (Entered: 06/01/2022) |
| 06/01/2022 | 231 | TRANSMITTAL OF RECORDS as to Paul R Hansmeier re: PSI and SOR sent to the USCA. (CLK) (Entered: 06/01/2022) |
| 06/02/2022 | 232 | USCA Case Number as to Paul R Hansmeier 22–2162 for 229 Notice of Appeal – Order filed by Paul R Hansmeier. (KNK) (Entered: 06/03/2022) |
| 06/06/2022 | 233 | JUDGMENT of USCA (electronic copy) as to Paul R Hansmeier re 229 Notice of Appeal – Order. The judgment of the district court is summarily affirmed. (ACH) (Entered: 06/06/2022) |
| 06/28/2022 | 234 | MANDATE of USCA (electronic copy) as to Paul R Hansmeier re 229 Notice of Appeal – Order. (KNK) (Entered: 06/29/2022) |
| 07/11/2022 | 235 | PRO SE MOTION to Vacate by Paul R Hansmeier. (Attachments: # 1 Cover Letter, # 2 Envelope) (ABR) Document QC'd on 7/19/2022 (MTB). (Entered: 07/12/2022) |
| 07/11/2022 | 236 | PRO SE MEMORANDUM in Support by Paul R Hansmeier re 235 MOTION to Vacate. (ABR) Document QC'd on 7/19/2022 (MTB). (Entered: 07/12/2022) |
| 07/21/2022 | 239 | PRO SE SUPPLEMENT TO 2255 MOTION by Paul R Hansmeier (Attachments: # 1 Envelope)(KNK) Document QC'd on 7/28/2022 (JME). (Entered: 07/21/2022) |
| 09/02/2022 | 240 | PRO SE MOTION FOR A PRELIMINARY INJUNCTION by Paul R Hansmeier. (Attachments: # 1 Memorandum in Support, # 2 Notice of Hearing, # 3 Envelope) (KNK) Qc'd (KNK). (Entered: 09/02/2022) |
| 09/06/2022 | 241 | ORDER: Defendant's motion for bail [Docket Nos. 208 & 240 ] is DENIED. Signed by Judge Joan N. Ericksen on 9/6/2022. (CBC) cc: Hansmeier. Modified text on 9/7/2022 (MKB). (Entered: 09/06/2022) |
| 09/09/2022 | 242 | PRO SE LETTER TO DISTRICT JUDGE JOAN N. ERICKSEN by Paul R Hansmeier. (Attachments: # 1 Envelope) (KNK) DOCUMENT QC'd by KT on 9/13/22. (kt) (Entered: 09/09/2022) |
| 09/22/2022 | 243 | PRO SE NOTICE OF APPEAL by Paul R Hansmeier re 241 Order on Motion for Miscellaneous Relief,. (Attachments: # 1 Envelope)(KNK) DOCUMENT QC'd by KT on 9/28/22. (kt) (Entered: 09/22/2022) |
| 09/26/2022 | 244 | REVISED INFORMATION SHEET TO U. S. COURT OF APPEALS, 8TH CIRCUIT as to Paul R Hansmeier (KNK) (Entered: 09/26/2022) |
| 09/26/2022 | | Electronic transmission of Notice of Appeal and Docket Sheet as to Paul R Hansmeier to US Court of Appeals re 243 Notice of Appeal – Order. Transmitted electronically the following documents: Notice of Appeal 243 , Order 241 , Revised Information Sheet 244 and District Court's Docket Sheet. (KNK) (Entered: 09/26/2022) |
| 09/26/2022 | 245 | |

| | | |
|---|---|---|
| | | PRO SE MOTION for an Indicative Ruling by Paul R Hansmeier. (Attachments: # 1 Envelope) (MKB) DOCUMENT QC'd by KT on 11/4/22. (kt) (Entered: 09/26/2022) |
| 09/26/2022 | 246 | (Text−Only) Notice to USCA of Subsequent Filing in a Criminal Case, Re: Motion for Miscellaneous Relief 245 as to Paul R Hansmeier. (MKB) (Entered: 09/26/2022) |
| 09/27/2022 | 247 | TRANSMITTAL OF RECORDS as to Paul R Hansmeier re: PSI and SOR sent to the USCA. (kt) (Entered: 09/27/2022) |
| 09/27/2022 | 251 | USCA Case Number as to Paul R Hansmeier 22−3031 for 243 Notice of Appeal − Order filed by Paul R Hansmeier. (CLK) (Entered: 10/11/2022) |
| 09/29/2022 | 248 | PRO SE MOTION to Amend 2255 Petition by Paul R Hansmeier. (Attachments: # 1 Letter/ Preface, # 2 Envelope) (KNK) Document QC'd on 10/17/2022 (JME). (Entered: 09/29/2022) |
| 09/29/2022 | 249 | (Text−Only) Notice to USCA of Subsequent Filing in a Criminal Case, Re: Motion to Amend/Correct 248 as to Paul R Hansmeier. (KNK) (Entered: 09/29/2022) |
| 10/11/2022 | 250 | ORDER denying 245 Motion for an indicative ruling as to Paul R Hansmeier (1). Signed by Judge Joan N. Ericksen on 10/11/2022. (CBC) cc: Hansmeier. Modified text on 10/12/2022 (ACH). (Entered: 10/11/2022) |
| 10/12/2022 | 252 | (Text−Only) Notice to USCA of Subsequent Filing in a Criminal Case, Re: Order on Motion for Miscellaneous Relief 250 as to Paul R Hansmeier. (MKB) Modified text on 10/12/2022 (MKB). Modified text on 10/12/2022 (ACH). (Entered: 10/12/2022) |
| 10/13/2022 | 253 | (Text−Only) ORDER FOR PARTY TO FILE DOCUMENT/RESPOND TO COURT re Pro Se 248 MOTION to Amend/Correct as to Paul R Hansmeier. Government Response due 11/10/2022. Defendant's Reply due 12/8/2022. Ordered by Judge Joan N. Ericksen on 10/13/2022. (CBC) cc: Hansmeier. Modified text on 10/14/2022 (MKB). (Entered: 10/13/2022) |
| 10/13/2022 | 254 | NOTICE OF ATTORNEY SUBSTITUTION for USA. (Attachments: # 1 Certificate of Service Certificate of Service)(Kirkpatrick, Lisa) (Entered: 10/13/2022) |
| 10/14/2022 | 255 | (Text−Only) Notice to USCA of Subsequent Filing in a Criminal Case, Re: Order for Party to File Document/Respond to Court, 253 , Notice of Attorney Appearance/Substitution − USA 254 as to Paul R Hansmeier. (MKB) (Entered: 10/14/2022) |
| 11/01/2022 | 256 | JUDGMENT of USCA (electronic copy) as to Paul R Hansmeier, John L Steele re 243 Notice of Appeal − Order. It is ordered by the court that the district court's order denying motion for bail is summarily affirmed. (kt) Modified text on 11/1/2022 (MKB). (Entered: 11/01/2022) |
| 11/03/2022 | 257 | PRO SE Supplement to Motion for Compassionate Release by Paul R Hansmeier. (KNK) Qc'd on 12/27/2022 (KNK). (Entered: 11/03/2022) |
| 11/03/2022 | 258 | PRO SE DECLARATION by Paul R Hansmeier (Attachments: # 1 Exhibit, # 2 Envelope) (KNK) Qc'd on 12/27/2022 (KNK). (Entered: 11/03/2022) |
| 11/10/2022 | 259 | RESPONSE in Opposition by USA as to Paul R Hansmeier re 248 MOTION to Amend/Correct (Kirkpatrick, Lisa) (Entered: 11/10/2022) |
| 11/14/2022 | 260 | Certificate of Service by USA as to Paul R Hansmeier . (Kirkpatrick, Lisa) (Entered: 11/14/2022) |

| 11/22/2022 | 261 | MANDATE of USCA (electronic copy) as to Paul R Hansmeier re 243 Notice of Appeal – Order.(ABR) (Entered: 11/22/2022) |
| --- | --- | --- |
| 12/01/2022 | 262 | PRO SE MOTION to Extend Time to File Reply in Support of Motion to Amend 2255 Petition by Paul R Hansmeier. (Attachments: # 1 Envelope) (KNK) (Additional attachment(s) added on 12/1/2022: # 2 Envelope−DUPLICATE) (KNK). Document QC'd on 12/19/2022 (JME). (Entered: 12/01/2022) |
| 12/02/2022 | 263 | ORDER denying 211 Motion for Compassionate Release from Custody as to Paul R Hansmeier (1). Signed by Judge Joan N. Ericksen on 12/2/2022. (CBC) cc: Hansmeier. Modified text on 12/5/2022 (MKB). (Entered: 12/02/2022) |
| 12/02/2022 | 264 | (Text−Only) ORDER granting Pro Se 262 Motion for Extension of Time to File Reply in Support of Motion to Amend 2255 Petition as to Paul R Hansmeier (1). Defendant's reply due by 12/23/2022. Ordered by Judge Joan N. Ericksen on 12/2/2022. (CBC) cc: Hansmeier. Modified text on 12/5/2022 (MKB). (Entered: 12/02/2022) |
| 12/27/2022 | 265 | PRO SE REPLY in Support of Motion by Paul R Hansmeier re 248 MOTION to Amend/Correct. (Attachments: # 1 Envelope)(MKB) Document QC'd on 1/6/2023 (JME). (Entered: 12/27/2022) |
| 12/30/2022 | 266 | PRO SE MOTION to Reduce Sentence UNDER 18 U.S.C. 3581 (c)(1)(A)(i) by Paul R Hansmeier. (KNK) Document QC'd on 1/18/2023 (ABR). (Entered: 12/30/2022) |
| 12/30/2022 | 267 | PRO SE DECLARATION by Paul R Hansmeier re 266 MOTION to Reduce Sentence (Attachments: # 1 Exhibit, # 2 Envelope) (KNK) Document QC'd on 1/18/2023 (ABR). (Entered: 12/30/2022) |
| 01/06/2023 | 268 | PRO SE MOTION/Request for Judicial Notice in Support of Claims 1−18 of Hansmeier's 2255 Motion by Paul R Hansmeier. (Attachments: # 1 Envelope) (KNK) Document QCd on 2/7/2023 (MMG). (Entered: 01/09/2023) |
| 01/11/2023 | 269 | ORDER denying 266 Motion to Reduce Sentence as to Paul R Hansmeier (1). Signed by Judge Joan N. Ericksen on 1/11/2023. (CBC) cc: Hansmeier. Modified text on 1/12/2023 (MKB). (Entered: 01/11/2023) |
| 01/19/2023 | 270 | PRO SE MOTION for a Preliminary Injunction by Paul R Hansmeier. (Attachments: # 1 Envelope) (MKB) Document QC'd on 2/3/2023 (ABR). (Entered: 01/19/2023) |
| 01/19/2023 | 271 | PRO SE DECLARATION in Support of 270 MOTION for a Preliminary Injunction by Paul R Hansmeier (MKB) Document QC'd on 2/3/2023 (ABR). (Entered: 01/19/2023) |
| 01/24/2023 | 272 | ORDER denying 270 Motion for a preliminary injunction as to Paul R Hansmeier (1). Signed by Judge Joan N. Ericksen on 1/23/2023. (CBC) cc: Hansmeier. Modified text on 1/24/2023 (MKB). (Entered: 01/24/2023) |
| 01/25/2023 | 273 | PRO SE MOTION TO EXPAND the Record Under Rule 7 of the Rules Governing 2255 Proceedings by Paul R Hansmeier. (KNK) (Additional attachment(s) added on 1/25/2023: # 1 Envelope) (KNK). Document QC'd on 2/3/2023 (ABR). (Entered: 01/25/2023) |
| 01/25/2023 | 274 | PRO SE MOTION for Leave to take Discovery Under Rule 6 of the Rules Governing 2255 Proceedings by Paul R Hansmeier. (Attachments: # 1 Envelope) (KNK) Document QC'd on 2/3/2023 (ABR). (Entered: 01/25/2023) |

| Date | No. | Description |
|---|---|---|
| 01/25/2023 | 275 | PRO SE LIMITED MOTION TO DISQUALIFY UNDER 28 U.S.C. 455(A), (B)(1) AND (B)(5)(IV) by Paul R Hansmeier. (Attachments: # 1 Declaration, # 2 Exhibit(s), # 3 Envelope). (KNK) Document QC'd on 2/3/2023 (ABR). (Entered: 01/25/2023) |
| 02/09/2023 | 276 | PRO SE MOTION for Evidentiary Hearing by Paul R Hansmeier. (Attachments: # 1 Envelope) (ABR) Document QC'd on 2/23/2023 (ABR). (Entered: 02/09/2023) |
| 02/10/2023 | 277 | Pro Se Notice of Recent Authority by Paul R Hansmeier. (Attachments: # 1 Envelope)(KNK) QC'd on 2/23/2023 (AKM). (Entered: 02/10/2023) |
| 02/16/2023 | 278 | PRO SE MOTION to Alter or Amend under Federal Rule of Civil Procedure 59(E) by Paul R Hansmeier. (Attachments: # 1 Envelope) (KNK) QC'd on 2/23/2023 (AKM). (Entered: 02/16/2023) |
| 02/16/2023 | 279 | PRO SE MOTION for Federal Rule of Evidence 201(e) Hearing on Matter of Judicial Notice by Paul R Hansmeier. (KNK) QC'd on 2/23/2023 (AKM). (Entered: 02/16/2023) |
| 02/16/2023 | 280 | PRO SE NOTICE OF HEARING on Pro Se Motion for Federal Rule of Evidence 201(e) Hearing on Matter of Judcial Notice filed by Paul R Hansmeier. (KNK) (Entered: 02/16/2023) |
| 05/09/2023 | 283 | ORDER as to Paul R Hansmeier (1). 1. Defendant's motion to amend [Docket No. 248 ] is GRANTED. 2. Defendant's motions to amend [Docket Nos. 235 & 239 ] are DENIED AS MOOT. 3. Defendant's § 2255 motion [Docket No. 209 ], as amended to include claims 1–18, is DENIED. 4. Defendant's request for judicial notice [Docket No. 268 ] is GRANTED IN PART and DENIED IN PART. 5. Defendant's motion to expand the record [Docket No. 273 ] is DENIED. 6. Defendant's motion for leave to take discovery [Docket No. 274 ] is DENIED. 7. Defendant's limited motion to disqualify [Docket No. 275 ] is DENIED. 8. Defendant's motion for an evidentiary hearing [Docket No. 276 ] is DENIED. 9. Defendant's motion to alter or amend [Docket No. 278 ] is DENIED. 10. Defendant's motion for a hearing under Fed. R. Evid. 201(e) [Docket No. 279 ] is DENIED. 11. A certificate of appealability is DENIED. (Written Opinion) Signed by Judge Joan N. Ericksen on 5/9/2023. Civil case: 21–cv–2751–JNE closed. (CBC) cc: Hansmeier. Modified text on 5/10/2023 (MKB). (Entered: 05/09/2023) |
| 05/10/2023 | 284 | JUDGMENT as to Paul R Hansmeier. Appeal packet mailed to defendant. cc: Hansmeier. (MKB) (Entered: 05/10/2023) |
| 06/14/2023 | 285 | PRO SE NOTICE OF APPEAL by Paul R Hansmeier re 283 Order on Motion to Vacate (2255), Order on Motion to Amend/Correct, Order on Motion to Request, Order on Motion for Miscellaneous Relief, Order on Motion for Leave to, Order on Motion for Hearing, 284 Judgment (Clerk's Office). (Attachments: # 1 Envelope)(MKB) (Entered: 06/14/2023) |
| | | *Main Document* |
| | | Attachment # 1 *Envelope* |
| 06/14/2023 | 286 | REVISED INFORMATION SHEET TO U. S. COURT OF APPEALS, 8TH CIRCUIT as to Paul R Hansmeier. (MKB) (Entered: 06/14/2023) |
| 06/14/2023 | | Electronic transmission of Notice of Appeal and Docket Sheet as to Paul R Hansmeier to US Court of Appeals re 285 Notice of Appeal – Order,. Transmitted electronically the following documents: Notice of Appeal 285 , Order 283 , Judgment |

| | | 284 , Revised Information Sheet 286 and District Court's Docket Sheet. (MKB) (Entered: 06/14/2023) |

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

                                      Case No. 16-cr-334 (JNE) (1)
v.                                   Case No. 21-cv-2751 (JNE)
                                        ORDER

Paul R. Hansmeier,

        Defendant.

A grand jury charged Defendant with one count of conspiracy to commit mail fraud and wire fraud (count 1), five counts of mail fraud (counts 2-6), ten counts of wire fraud (counts 7-16), one count of conspiracy to commit money laundering (count 17), and one count of conspiracy to commit and suborn perjury (count 18).  He moved to dismiss counts 1-17, asserting that "[t]he charging document fails to allege facts that constitute the charged criminal offenses at issue," that the "charges are predicated upon a constitutionally- and legally-invalid theory and prosecution," and that "the charging document fails to adequately and fairly inform the accused of the charged offenses."  The Court denied Defendant's motion to dismiss.  Reserving the right to appeal the denial of his motion to dismiss, Defendant pleaded guilty to counts 1 and 17.  The Court sentenced him to 168 months' imprisonment on each count, to be served concurrently, and 2 years' supervised release on each count, to run concurrently.  Defendant appealed.  The United States Court of Appeals for the Eighth Circuit affirmed.  *United States v. Hansmeier*, 988 F.3d 428 (8th Cir.), *cert. denied*, 142 S. Ct. 262 (2021).

Within one year after the denial of his petition for a writ of certiorari, Defendant filed a motion under 28 U.S.C. § 2255; another § 2255 motion that adds three claims (claims 13-15) to the twelve of his initial § 2255 motion; a supplement, which asserts another claim (claim 16); and a motion to amend in which he seeks to add six claims, including claims 13-16, to the twelve of his initial § 2255 motion.  For the reasons set forth below, the Court grants his motion to amend.  Because the record conclusively shows that Defendant is not entitled to relief, the Court denies his § 2255 motion without an evidentiary hearing.  *See Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013).

Defendant filed several motion after the motion to amend.  The Court grants in part and denies in part his request for judicial notice.  The Court denies his motion to expand the record, motion for leave to take discovery, limited motion to disqualify, motion for an evidentiary hearing, motion to alter or amend, and motion for a hearing under Rule 201(e) of the Federal Rules of Evidence.

## I.    Motion to Amend

Defendant moved to amend his § 2255 motion to add six claims.  Acknowledging that the additional claims are "timely without need to relate the claims back to his initial motion," the United States asserted that the Court should deny the motion because Defendant "has not offered any reasons to support his motion to amend."

"Federal Rule of Civil Procedure 15(a) governs requests to amend § 2255 motions before the district court enters judgment.  A party may amend with the court's leave, which should be 'freely give[n] . . . when justice so requires.'" *United States v. Sellner*,

773 F.3d 927, 931 (8th Cir. 2014) (alterations in original) (citations omitted).  In the

absence of any allegations of undue delay or prejudice, the Court grants Defendant's

motion to amend.  *See Friedman v. Farmer*, 788 F.3d 862, 869 (8th Cir. 2015).[1]

## II.     Section 2255 Motion

Section 2255 states:

> A prisoner in custody under sentence of a court
> established by Act of Congress claiming the right to be
> released upon the ground that the sentence was imposed in
> violation of the Constitution or laws of the United States, or
> that the court was without jurisdiction to impose such
> sentence, or that the sentence was in excess of the maximum
> authorized by law, or is otherwise subject to collateral attack,
> may move the court which imposed the sentence to vacate, set
> aside or correct the sentence.

28 U.S.C. § 2255(a).  "A motion under § 2255 is not a substitute for a direct appeal . . . ."

*Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994).  Section 2255 "provides a

remedy for jurisdictional and constitutional errors."  *Sun Bear v. United States*, 644 F.3d

700, 704 (8th Cir. 2011) (en banc).  "Beyond that, the permissible scope of a § 2255

collateral attack on a final conviction or sentence is severely limited; 'an error of law

does not provide a basis for collateral attack unless the claimed error constituted "a

---

[1]     By granting Defendant's motion to amend, the Court expresses no opinion on the
merits of claims 13-18.  *Cf. Friedman*, 788 F.3d at 869 (stating that leave to amend may
be denied based on futility).

The § 2255 motion that includes claims 13-15 and the supplement, which asserts
claim 16, are construed as motions to amend.  *See Sellner*, 773 F.3d at 931-32; *cf. Dyab
v. United States*, 855 F.3d 919, 923 (8th Cir. 2017) ("Not every change to a judgment
results in a new sentence or judgment that wipes clean the slate of post-conviction
motions previously filed.").  Because Defendant filed a motion to amend, one that
includes claims 13-16, the Court denies as moot his prior attempts to amend.

3

fundamental defect which inherently results in a complete miscarriage of justice."'" *Id.* (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).

### A.  Claim 1

Defendant asserted that "the indictment failed to charge [him] with fraud because it failed to establish the essential element of 'intent to harm.'"  The United States asserted that the Court should reject claim 1 for three reasons: (1) "[i]t is not cognizable, absent exceptional circumstances," because it "is an attack on the sufficiency of the Indictment, brought in a Section 2255 motion"; (2) "it was raised and lost on appeal"; and (3) it "fails on the merits."  In his reply, Defendant maintained that the claim "is cognizable because it is jurisdictional in nature"; that it is cognizable, even if it is not jurisdictional, because it asserts the indictment affirmatively shows no federal offense was committed; that he received ineffective assistance of counsel if the claim is not cognizable; that "the Eighth Circuit did not decide the issue"; and that the claim "should succeed on the merits."

"[D]efects in an indictment do not deprive a court of its power to adjudicate a case."  *United States v. Cotton*, 535 U.S. 625, 630 (2002).  Claim 1 is not jurisdictional. *See United States v. Harcevic*, 999 F.3d 1172, 1179-80 (8th Cir. 2021); *United States v. Fogg*, 922 F.3d 389, 391 (8th Cir. 2019); *United States v. Frook*, 616 F.3d 773, 777-78 (8th Cir. 2010); *United States v. Todd*, 521 F.3d 891, 895 (8th Cir. 2008).

"A challenge to the sufficiency of an indictment is not cognizable in a section 2255 action without a showing of exceptional circumstances."  *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981) (per curiam); *see Houser v. United States*, 508 F.2d

509, 514-15 (8th Cir. 1974).  No such circumstances are present.  Claim 1 is not cognizable.[2]

Finally, Defendant cannot relitigate the indictment's adequacy in his § 2255 motion.  *See Sun Bear*, 644 F.3d at 702 ("With rare exceptions, § 2255 may not be used to relitigate matters decided on direct appeal.").  In affirming the Court's denial of Defendant's motion to dismiss, the Eighth Circuit stated: "Because the facts in the indictment, accepted as true, describe a fraudulent scheme prohibited by federal law, [he] cannot succeed in his claim that it is facially insufficient."  *Hansmeier*, 988 F.3d at 438-39.  The Court denies Defendant's § 2255 motion insofar as it is based on claim 1.

### B.    Claim 2

Defendant asserted that "the indictment failed to charge [him] with fraud because it failed to establish the essential element of materiality."  Defendant acknowledged that the Eighth Circuit rejected this argument in his direct appeal.  The United States argued that claim 2 should be rejected because "[i]t is a noncognizable attack on the sufficiency of the Indictment," "it is an attempt to relitigate issues decided against [him] by the Eighth Circuit," and "it is conclusively contradicted and belied by the factual stipulations in [his] plea agreement" and his "testimony under oath at his plea hearing."  In his reply, Defendant argued that claim 2 is jurisdictional; that it is cognizable, even if it is not jurisdictional, because it asserts the indictment affirmatively shows no federal offense

---

[2]    Defendant's conditional assertion that he received ineffective assistance of counsel has no merit.  *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985).  At his change of plea hearing, he stated that nobody made him any promises other than what is contained in the plea agreement.

was committed; that he received ineffective assistance of counsel if the claim is not cognizable; that the law of the case doctrine does not apply because the Eighth Circuit relied on "knowing material misstatements of law and fact" by the United States; and that the United States conceded the claim on the merits.

For reasons similar to those set forth above, the Court rejects claim 2. The claim is not jurisdictional. *See, e.g.*, *Harcevic*, 999 F.3d at 1179-80; *Fogg*, 922 F.3d at 391. No exceptional circumstances are present. Claim 2 is not cognizable. *Shabazz*, 657 F.2d at 190; *see Houser*, 508 F.2d at 514-15. The Eighth Circuit rejected the claim. *Hansmeier*, 988 F.3d at 437 ("The information they misrepresented was also material."). Defendant cannot relitigate it in his § 2255 motion. *Sun Bear*, 644 F.3d at 702. His conditional assertion that he received ineffective assistance of counsel has no merit. The Court denies Defendant's § 2255 motion insofar as it is based on claim 2.

### C.    Claim 3

Defendant maintained that "the indictment failed to charge [him] with fraud because it failed to establish that the object of [his] alleged scheme to defraud was money or property in the hands of the victim." He claimed that he raised the issue before this Court and on appeal and that "it has gone unaddressed." The United States responded that claim 3 "is not cognizable for the same reasons claims 1 and 2 are not cognizable." In his reply, Defendant asserted that claim 3 is jurisdictional; that it is cognizable, even if it is not jurisdictional, because it asserts the indictment affirmatively shows no federal offense was committed; that he received ineffective assistance of counsel if the claim is

6

not cognizable; that the law of the case doctrine does not apply to the claim; and that the claim should succeed on the merits.

For reasons similar to those set forth above, the Court rejects claim 3.  The claim is not jurisdictional.  *See, e.g.*, *Harcevic*, 999 F.3d at 1179-80; *Fogg*, 922 F.3d at 391.  No exceptional circumstances are present.  Claim 3 is not cognizable.  *Shabazz*, 657 F.2d at 190; *see Houser*, 508 F.2d at 514-15.  The Eighth Circuit rejected the claim.  *Hansmeier*, 988 F.3d at 438 ("In sum, the conduct recounted in the indictment constitutes a 'scheme . . . for obtaining money or property by means of false or fraudulent pretenses, representations, or promises.'" (citation omitted)).  Defendant cannot relitigate it in his § 2255 motion.  *Sun Bear*, 644 F.3d at 702.  His conditional assertion that he received ineffective assistance of counsel has no merit.  The Court denies Defendant's § 2255 motion insofar as it is based on claim 3.

### D.     Claim 4

Defendant asserted that "the indictment failed to charge [him] with fraud because, at most, it alleged that [he] engaged in fraudulent litigation activity."  He maintained that he "raised this argument in his appeal, but it went unaddressed."  The United States responded that "[t]he Eighth Circuit rejected this argument in upholding the Indictment, but did not specifically address [his] argument that civil litigation activities cannot give rise to a criminal fraud case."  In his reply, Defendant asserted that the United States apparently agrees claim 4 "is properly before the Court" and that the claim should succeed on the merits.

For reasons similar to those set forth above, the Court rejects claim 4.  The claim challenges the sufficiency of the indictment.  No exceptional circumstances are present. The claim is not cognizable.  *Shabazz*, 657 F.2d at 190; *see Houser*, 508 F.2d at 514-15. After characterizing the indictment as "identif[ying] two related litigation strategies that [Defendant and his co-defendant] employed between late 2011 and 2013 and that form the basis of the government's fraud allegation," the Eighth Circuit stated, "Both meet the elements of a fraudulent scheme."  *Hansmeier*, 988 F.3d at 437.  Later, the court of appeals stated that "the facts in the indictment, accepted as true, describe a fraudulent scheme prohibited by federal law."  *Id.* at 438-39.  Defendant cannot relitigate the issue here.  *Sun Bear*, 644 F.3d at 702.  Insofar as it is based on claim 4, the Court denies Defendant's § 2255 motion.

### E.  Claim 5

Defendant restated his challenge to the indictment's sufficiency:

> At the change of plea hearing, [Defendant] and prosecutors went through a script that consisted of a subset of the facts contained in the indictment.  In Claims 1-4, supra, [he] identified the essential elements that are missing from the indictment.  Because the indictment failed to establish the essential elements of the offenses subject to [his] plea, the subset of the facts presented at the change of plea hearing also failed to establish the essential elements of [his] offenses.

The United States responded that claim 5 is not cognizable "because it is based upon his argument that the Indictment should have been dismissed, which he lost in the Eighth Circuit," and because the claim is "completely meritless."  In his reply, Defendant

asserted that claim 5 is cognizable, that he received ineffective assistance of counsel if it is not cognizable, and that it should succeed on the merits.

Claim 5 challenges the sufficiency of the indictment.  No exceptional circumstances are present.  Claim 5 is not cognizable.  *Shabazz*, 657 F.2d at 190; *see Houser*, 508 F.2d at 514-15.  The Eighth Circuit concluded "the facts in the indictment, accepted as true, describe a fraudulent scheme prohibited by federal law."  *Hansmeier*, 988 F.3d at 438-39.  Defendant cannot relitigate its conclusion in his § 2255 motion.  *Sun Bear*, 644 F.3d at 702.  His conditional assertion that he received ineffective assistance of counsel has no merit.  The Court denies Defendant's § 2255 motion insofar as it is based on claim 5.

**F.    Claim 6**

Defendant maintained that "the statutes defining the fraud dependent changes in the indictment (the 'Challenged Statutes') violate the First Amendment under the Noerr-Pennington doctrine."[3]  He asserted that the Court should "conclude that, at a minimum, the Challenged Statutes violate the First Amendment as applied to the first scheme alleged in the indictment."[4]  Defendant stated that he "raised these issues to this Court and in his appeal"; that the Court "evaluat[ed] the scheme alleged in the indictment as a

---

[3]    *United Mine Workers of Am. v. Pennington*, 381 U.S. 657 (1965); *E. R. R. Presidents Conf. v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961).

[4]    The Eighth Circuit observed that the "indictment identifies two related litigation strategies that [Defendant and his co-defendant] employed between late 2011 and 2013 and that form the basis of the government's fraud allegation.  Both meet the elements of a fraudulent scheme."  *Hansmeier*, 988 F.3d at 437.

single scheme (versus two schemes, as the Eighth Circuit did)" and "held that the allegations in the indictment triggered the sham exception to Noerr-Pennington immunity"; and that the Eighth Circuit "did not address [his] argument."  The United States responded that Defendant "raised this issue in his motion to dismiss before this Court," that the Court "ruled against [him]," that "[t]he Eighth Circuit did not reverse or criticize this Court's rejection of [his] petition clause argument on direct appeal," that he "cannot relitigate the issue in this Section 2255 motion," and that "the claim is meritless." In his reply, Defendant stated that claim 6 is properly before the Court and that the claim should succeed on the merits.

In denying Defendant's motion to dismiss, the Court stated that "[c]ourts have applied the *Noerr-Pennington* doctrine to bar civil claims outside the antitrust area of law, including in cases involving civil pre-litigation demand letters"; that Defendant "cite[d] no authorities for applying the doctrine in criminal cases"; that the cases he cited "do not support his contention that allowing the prosecution of a fraudulent scheme would be unconstitutional just because the scheme involves civil litigation"; that "the activities alleged in the Indictment extend beyond aggressive litigation tactics and include deceptive, predatory acts"; and that, "[e]ven assuming that the *Noerr-Pennington* doctrine applies in the criminal prosecution context, the Court might find that the alleged activities place [his] civil litigation efforts under the sham exception to that doctrine, thus not constitutionally protected from prosecution."  On appeal, he asserted that the case against him criminalized his pursuit of meritorious civil litigation and "threatens to chill the process of civil litigation."  In affirming the Court's denial of Defendant's motion to

dismiss, the Eighth Circuit stated that his "indictment identifies two related litigation strategies . . . that form the basis of the government's fraud allegation," that "[b]oth meet the elements of a fraudulent scheme," and that "the facts in the indictment, accepted as true, describe a fraudulent scheme prohibited by federal law." *Hansmeier*, 988 F.3d at 437-39. The Court rejects Defendant's attempt to relitigate the rejection of his *Noerr-Pennington* arguments. *See Sun Bear*, 644 F.3d at 702; *United States v. Barnes*, 585 F. Supp. 3d 332, 334 (W.D.N.Y. 2022). Insofar as it is based on claim 6, the Court denies Defendant's § 2255 motion.

### G.     Claim 7

Defendant claimed that "the Challenged Statutes violate the First Amendment as applied to the first scheme" and that the issue of whether "they violate the First Amendment as applied to the second scheme does not need to be decided at this stage." He maintained that the Challenged Statutes are subject to strict scrutiny because they "are a content-based restriction on speech, expressive activity, petitioning activity and associational activity," and because they "target political speech on issues of public concern." According to Defendant, the Challenged Statutes cannot survive strict scrutiny. The United States asserted that claim 7 is procedurally defaulted and meritless. In his reply, Defendant argued that the claim is properly before the Court and that it should succeed on the merits.

Defendant procedurally defaulted claim 7. *See Anderson*, 25 F.3d at 706. He has not demonstrated cause to excuse the default. *See id.*; *United States v. Morgan*, 230 F.3d 1067, 1071 (8th Cir. 2000). Insofar as Defendant's 2255 motion is based on claim 7, the

Court denies the motion.  *See Walking Eagle v. United States*, 742 F.3d 1079, 1082 (8th Cir. 2014).

### H.     Claim 8

Defendant asserted that "[t]he Challenged Statutes are void because, as applied to the first scheme alleged in the indictment, they are '(1) so [vague] that they fail to give ordinary people fair notice of the conduct they punish, or (2) so standardless that they invite arbitrary enforcement.'"  The United States responded that "this new, constitutional attack on the Indictment cannot be raised in a Section 2255 motion"; that Defendant "could have raised his vagueness argument on direct appeal, but did not"; that the claim is apparently a facial challenge to the mail and wire fraud statutes, and the statutes "have never been invalidated as facially void-for-vagueness"; that the claim, if it is an "as-applied" challenge, has been "effectively rejected" by this Court and the Eighth Circuit; and that "[t]he government did not use unconstitutionally vague fraud statutes to rewrite the law of copyright in this case."  In his reply, Defendant asserted that he did not procedurally default claim 8, that he received ineffective assistance of counsel if it "is not properly preserved for review" in his § 2255 motion, and that the claim should succeed on the merits.

Defendant procedurally defaulted claim 8.  *See Anderson*, 25 F.3d at 706.  He has not demonstrated cause to excuse the default.  *See id.*; *Morgan*, 230 F.3d at 1071.  His conclusory assertion that he received ineffective assistance of counsel does not excuse his procedural default.  *See Ford v. United States*, 983 F.2d 897, 898-99 (8th Cir. 1993).  It

has no merit.  The Court denies Defendant's § 2255 motion insofar as it is based on claim 8.

### I.    Claim 9

Defendant argued that the Challenged Statutes, as applied to him, "impermissibly intrude upon Congress' copyright power and the Judiciary's power to interpret the law." "[A]ccepting the facts on the face of the indictment as true," he argued, his "statements and omissions were consistent with the law governing copyright enforcement and judicial interpretations thereof."  The United States responded that he "failed to raise this constitutional argument on appeal, and it is not cognizable in this Section 2255 proceeding"; that the claim "effectively argues that the Indictment does not state an offense," an issue resolved adversely to him by the court of appeals; and that the claim is meritless.  In his reply, Defendant stated that the issue of "[w]hether Claim 9 is properly before the Court as a standalone claim is unimportant to [him]" and that the claim should succeed on the merits.

Defendant procedurally defaulted claim 9.  *See Anderson*, 25 F.3d at 706.  He has not demonstrated cause to excuse the default.  *See id.*; *Morgan*, 230 F.3d at 1071.  The claim challenges the sufficiency of the indictment.  No exceptions circumstances are presented.  The claim is not cognizable.  *Shabazz*, 657 F.2d at 190; *see Houser*, 508 F.2d at 514-15.  The Eighth Circuit concluded "the facts in the indictment, accepted as true, describe a fraudulent scheme prohibited by federal law."  *Hansmeier*, 988 F.3d at 438-39. Defendant cannot relitigate its conclusion in his § 2255 motion.  *Sun Bear*, 644 F.3d at 702.  The Court denies Defendant's § 2255 motion insofar as it is based on claim 9.

J.    **Claim 10**

Defendant claimed that prosecutors violated his rights under the Fifth and Sixth Amendments by making material misstatements and omissions.  Throughout these proceedings, prosecutors have, according to Defendant, misstated copyright law, concealed appellate decisions, and misrepresented the merits of the claims he pursued. The United States responded that claim 10 is "preposterous," that "[t]he government did not mislead the Court," and that the allegedly concealed cases were cited by Defendant himself.  In his reply, Defendant maintained that claim 10 is properly before the Court and should succeed on the merits.

For the reasons set forth in the discussion of claim 12, Defendant's conclusory assertion in claim 10 that "prosecutors' misrepresentations and omissions deprived [him] of the effective assistance of counsel" has no merit.  Insofar as Defendant asserted the denial of effective assistance of counsel in claim 10, the Court denies his § 2255 motion.

Defendant asserted that he "corrected prosecutors' misunderstanding of copyright law" in his motion to dismiss and "[i]n his opening appellate brief."  The allegedly concealed cases were disclosed in memoranda that he filed.  Defendant's argument that the government's alleged misstatements and omissions violated his rights under the Fifth Amendment essentially asserts that the Court erroneously denied his motion to dismiss and that the Eighth Circuit erroneously concluded that "the facts in the indictment, accepted as true, describe a fraudulent scheme prohibited by federal law."  *Hansmeier*, 988 F.3d at 438-39; *cf. id.* at 437-38 ("And the courts' skepticism about Hansmeier and Steele's level of personal involvement and financial interest in the litigation would have

14

been likely even if, as Hansmeier argues, their claims did involve actionable copyright infringement.").  Defendant cannot relitigate the Eighth Circuit's conclusion.  *See Sun Bear*, 644 F.3d at 702.  The Court denies his § 2255 motion insofar as it is based on claim 10.

### K.    Claim 11

Defendant asserted that the Court should not have presided over his criminal case because it presided over five civil actions "described in the first scheme alleged in the indictment."  Defendant maintained that the Court "would reasonably be perceived as a victim of the first scheme alleged in the indictment" (capitalization removed) and that, even if the Court was not a victim, it was a material witness and would have been called to testify at trial.  The United States responded that Defendant "cannot raise for the first time in this Section 2255 motion his assertion that this Court was not impartial"; that "[h]e could have raised this issue directly with the Court during the pendency of his case and he could have raised it on appeal"; and that the Court was not required to recuse.

"[M]ost matters relating to judicial disqualification [do] not rise to a constitutional level."  *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876 (2009) (second alteration in original) (quoting *FTC v. Cement Inst.*, 333 U.S. 683, 702 (1948)).  If claim 11 is not constitutional, Defendant cannot raise it in his § 2255 motion because he could have raised it on direct appeal but did not.  *See Anderson*, 25 F.3d at 706.  Even if claim 11 is constitutional, Defendant has not excused his procedural default.  *See id.*  The Court denies Defendant's § 2255 motion insofar as it is based on claim 11.

L.      Claim 12

Defendant contended that "[p]rosecutors' material misstatements and omissions constructively denied [him] the effective assistance of counsel."  He claimed that "prosecutors misled [his] counsel regarding the law of copyright enforcement"; that, "[f]or some period of time, [his] counsel were unaware that prosecutors were fabricating copyright law in pursuit of [his] conviction"; that, "[w]hile under such impression, [his] counsel] could not have provided [him] with effective assistance"; that "prosecutors' failure to correct their false statements of law required [his] counsel to devote [scarce] briefing resources towards providing prosecutors and the Court with remedial instructions regarding the law of copyright enforcement"; that, "once it became clear that the prosecutors' deception was successful, there was nothing [his] counsel could do but advise [him] to plead guilty to charges he was innocent of"; and that "prosecutors' theory of fraud created a conflict of interest between [him] and his counsel."  Defendant explained that "[t]he centerpiece of prosecutors' first scheme was that [he], as an attorney, committed fraud by alleging that defendants to his claims had downloaded copyrighted works 'without authorization'" and that the government's "theory of fraud forced [his] counsel into a position where they had two choices: (1) resist the prosecutors' misapprehension of the law of copyright enforcement and face fraud charges of their own; or (2) bypass such arguments or pursue such arguments less zealously than they might have in the absence of a conflict."  The United States responded that Defendant's claim of constructive denial of the effective assistance of counsel is meritless because his "arguments about government 'fraud' in this case are completely meritless."  In his reply,

Defendant stated that "[t]he Government's response is limited to a syllogism that if Claim 10 is meritless, then so too is Claim 12"; and that his "counsel had substantially less resources to spend defending [his] interests" because "the Government was unable to be honest about the law of copyright enforcement."

Defendant was represented by appointed counsel in this Court and on appeal. Through appointed counsel, Defendant filed a motion to dismiss the indictment, filed a 60-page memorandum of law in support of the motion, objected to the recommended denial of the motion, and prepared for trial. With appointed counsel, Defendant conditionally pleaded guilty to two counts, appealed, and unsuccessfully petitioned for a writ of certiorari. Defendant's claim of constructive denial of the effective assistance of counsel has no merit. *See Raymond v. Weber*, 552 F.3d 680, 684-85 (8th Cir. 2009); *Freeman v. Graves*, 317 F.3d 898, 901 (8th Cir. 2003). The Court denies Defendant's § 2255 motion insofar as it is based on claim 12.

### M.    Claim 13

Defendant claimed that "[t]he Challenged Statutes violate the First Amendment as applied to [his] litigation activity under the test established in Bruen."[5]  In *Bruen*, the Supreme Court held "that the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." 142 S. Ct. at 2122. According to Defendant, the Supreme Court "announced a new test for assessing restrictions on enumerated constitutional rights" in *Bruen*. After "reiterat[ing] . . . the

---

[5]      *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).

standard for applying the Second Amendment," the Supreme Court stated that "[t]his

Second Amendment standard accords with how we protect other constitutional rights":

> Take, for instance, the freedom of speech in the First
> Amendment, to which *Heller* repeatedly compared the right
> to keep and bear arms.  In that context, "[w]hen the
> Government restricts speech, the Government bears the
> burden of proving the constitutionality of its actions."  In
> some cases, that burden includes showing whether the
> expressive conduct falls outside of the category of protected
> speech.  And to carry that burden, the government must
> generally point to *historical* evidence about the reach of the
> First Amendment's protections.

*Id.* at 2129-30 (alteration in original) (citations omitted).[6]  Defendant maintained that the

"[t]he plain text of the petition clause covers petitioning the courts for relief," that "the

government must justify the Challenged Statutes by demonstrating that the application of

the Challenged Statutes to [his] petitioning activity is consistent with the Nation's

historical tradition of regulating litigation conduct," and that "[t]he government has no

chance of doing so."

The United States responded that Defendant "continues to mischaracterize the

nature of his fraud convictions as being based on his legitimate civil litigation tactics";

that he "was convicted of executing a scheme to defraud"; that "[h]e used litigation as

part of his scheme, but he was not convicted of filing lawsuits"; that the mail and wire

fraud statutes do not restrict his "access to courts in any way"; and that "*Bruen* has no

application whatsoever to this context."  The United States maintained that claim 13 "is

simply a repackaging of the arguments [he] presented on appeal"; that, "on appeal, [he]

---

[6]     *District of Columbia v. Heller*, 554 U.S. 570 (2008).

argued that the charges against him criminalized his right to bring lawsuits"; that "his arguments fell flat because his scheme involved much more than bringing lawsuits—it involved concocting 'fake evidence' . . . , and it involved making material lies and omissions to victims to pressure them under false pretenses to pay a so-called 'settlement' fee"; that "courts have not immunized litigation from fraud charges"; that "*Bruen* does nothing to change that"; and that he "cannot circumvent the relitigation bar simply by repackaging tired claims and citing an inapplicable Supreme Court case."

In his reply, Defendant asserted that "[t]he government's arguments can be ignored because they are irrelevant to the Bruen framework," that "it is irrelevant whether [his] litigation tactics were 'legitimate' in a federal prosecutor's view," and that "the Challenged Statute[s'] criminalization of the litigation activity in this case violates the First Amendment."  If the United States' assertion that the Challenged Statutes do not restrict his access to courts is true, he wondered why he has been imprisoned.  Defendant maintained that "presenting evidence and engaging in settlements are ordinary parts of bringing lawsuits," that courts have immunized litigation from fraud charges, and that the relitigation bar does not apply.

Defendant's claim that "[t]he Challenged Statutes violate the First Amendment as applied to [his] litigation activity under the test established in Bruen" merely recharacterizes his previously rejected claim that the indictment is based on a constitutionally invalid theory.  "A rejected claim does not merit rehearing on a different, but previously available, legal theory." *United States v. Nyhuis*, 211 F.3d 1340, 1343

(11th Cir. 2000).  The Court denies Defendant's § 2255 motion insofar as it is based on claim 13.

N.      **Claim 14**

Defendant characterized "the first litigation strategy alleged in the indictment and discussed in the Eighth Circuit's opinion, i.e., the copyright trolling strategy," as "a pure fraud by omission scheme."  He maintained that "[t]he indictment failed to charge [him] with omitting information that he was under a duty to disclose."  "As a result of this failure," he continued, "the indictment fails to charge fraud, this Court lacks jurisdiction and [his] constitutional rights were violated in this proceeding."  The United States responded that claim 14 is "barred by the relitigation doctrine"; that Defendant "mischaracterizes his scheme and focuses on a single component rather than the scheme as a whole"; and that Defendant "misconstrues the nature of the scheme by characterizing it as one of omission, even if he were not barred from relitigating this attack."  In his reply, Defendant contended that "the government resorts to mischaracterizing the first litigation strategy as something more than fraud by omission," that "the Eighth Circuit did not consider the 'duty to disclose' issue," that "the Eighth Circuit only considered the facts alleged in the indictment," and that "[t]he government does not contest [his] point that this issue is jurisdictional."

Claim 14 is not jurisdictional.  *See, e.g.*, *Harcevic*, 999 F.3d at 1179-80; *Fogg*, 922 F.3d at 391.  It is not cognizable.  *Shabazz*, 657 F.2d at 190; *see Houser*, 508 F.2d at 514-15.  After stating that the "indictment identifies two related litigation strategies that [Defendant and his co-defendant] employed between late 2011 and 2013 and that form

the basis of the government's fraud allegation," the Eighth Circuit stated, "Both meet the elements of a fraudulent scheme." *Hansmeier*, 988 F.3d at 437.  Later, the court of appeals concluded that "the facts in the indictment, accepted as true, describe a fraudulent scheme prohibited by federal law." *Id.* at 438-39.  Defendant cannot relitigate the issue here.  *Sun Bear*, 644 F.3d at 702.  Insofar as it is based on claim 14, the Court denies Defendant's § 2255 motion.

### O.    Claim 15

Defendant asserted that his sentence exceeds the statutory maximum.  Citing *United States v. R.L.C.*, 915 F.2d 320 (8th Cir. 1990), he maintained that he was convicted of Class C offenses and that, according to 18 U.S.C. § 3581(b), the statutory maximum sentence for a Class C offense is 12 years.  Asserting that Defendant ignored 18 U.S.C. § 3559(b), which states that "an offense classified under subsection (a) carries all the incidents assigned to the applicable letter designation, except that the maximum term of imprisonment is the term authorized by the law describing the offense," the United States responded that claim 15 is "meritless."  The government's response is apt: claim 15 has no merit.  *See, e.g.*, *United States v. Simpson*, 796 F.3d 548, 552-53 (5th Cir. 2015); *Taylor v. Fikes*, Case No. 20-cv-1364, 2021 WL 363855, at *4 & n.6 (D. Minn. Feb. 3, 2021) ("*R.L.C.* interpreted the juvenile-delinquency statute, 18 U.S.C. § 5037(c), and is not instructive on the interplay between § 3559 and § 3581.  In fact, the Eighth Circuit stated in *R.L.C.* that § 3559(b) establishes 'that no matter what letter classification an offense is given, the maximum term of imprisonment a judge can impose is the term listed *in the statute defining the offense*.'  For Taylor, that term is 20 years." (citation

omitted)).  Insofar as it is based on claim 15, the Court denies Defendant's § 2255 motion.

### P.     Claim 16

Defendant asserted that the Department of Justice exceeded its authority under the mail and wire fraud statutes.  He relied on *West Virginia v. EPA*, 142 S. Ct. 2587 (2022), which considered "whether the 'best system of emission reduction' identified by EPA in the Clean Power Plan was within the authority granted to the Agency in Section 111(d) of the Clean Air Act."  142 S. Ct. at 2615-16.  "[T]he answer," the Supreme Court stated, "is no."  *Id.* at 2616.  Defendant relied on the Supreme Court's statement that "something more than a merely plausible textual basis for the agency action is necessary" in "certain extraordinary cases."  *Id.* at 2609.  The United States responded that Defendant "failed to exhaust this claim by raising it sooner" and that he "has not attempted to overcome that procedural default."  The United States also argued that *West Virginia v. EPA* "has no application to this context."  In his reply, Defendant asserted that "[t]he procedural default doctrine has no application to the jurisdictional error asserted in Claim 16."  He also asserted that "the Supreme Court has applied the [major questions] doctrine to the Attorney General."

Claim 16 is not jurisdictional.  *See Harcevic*, 999 F.3d at 1179-80.  Defendant procedurally defaulted it.  *See Anderson*, 25 F.3d at 706.  He has not demonstrated cause to excuse the default.  *See id.*  Insofar as it is based on claim 16, the Court denies Defendant's § 2255 motion.

### Q.     Claim 17

Defendant maintained that "[t]he judgment of conviction should be vacated because the Court failed to adjudicate all of the issues in [his] criminal proceeding, rendering the judgment of conviction void."  According to Defendant, "[a] review of the record reveals that the Court did not adjudicate all of the issues raised in [his] motion to dismiss the indictment."  "Because the [C]ourt did not address these claims," he argued, "the judgment of conviction is a non-final judgment and the Court has no discretion but to vacate the judgment and consider the unresolved claims."  The United States responded that claim 17 is "not cognizable in a § 2255 motion" because Defendant "does not seek to be released or to be resentenced," that claim 17 "fails on procedural default grounds," and that claim 17 "fails on the merits."  In his reply, Defendant asserted that he is seeking to be released in claim 17, that "[t]he procedural default doctrine has no application to jurisdictional attacks," that "there has been no ruling on [certain] substantial issues."

Claim 17 has no merit.  Defendant moved to dismiss the indictment.  The Court denied the motion.  Defendant conditionally pleaded guilty to counts 1 and 17.  *See* Fed. R. Crim. P. 11(a)(2); *Harcevic*, 999 F.3d at 1180 n.4; *United States v. Limley*, 510 F.3d 825, 827 (8th Cir. 2007).  The Court imposed a 168-month sentence.  "Final judgment in a criminal case means sentence.  The sentence is the judgment." *Burton v Stewart*, 549 U.S. 147, 156 (2007) (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)).  The Court denies Defendant's § 2255 motion insofar as is it based on claim 17.

### R.      Claim 18

Defendant argued that the government engaged in outrageous conduct.  He asserted that "counsel for the government used the mails and wires to obtain money from [him] (in the form of a restitution judgment, MVRA payment and other money) using a series of planned, material misrepresentations and omissions to the Court and the Eighth Circuit."  He offered the following examples: "counsel lied and told this Court and the Eighth Circuit that courts started dismissing [his] copyright enforcement claims and sanctioning him once they learned of [his] use of the Olan Mills copyright enforcement method and his interest in his clients";[7] "counsel resorted to entirely fabricated statements of the law of copyright enforcement and attorney duties in copyright enforcement litigation"; "[t]he government concealed the essential elements of mail and wire fraud from the Court, including the Eighth Circuit's decision in Jain, and concealed [its] knowledge that the indictment does not even meet these elements";[8] the government concealed "obvious . . . constitutional problems with [its] theory of fraud"; and "[t]he government constructed a theory of fraud based on an entirely botched theory of the law of copyright enforcement and failed to come clean once [its] error was exposed."  The United States responded that his claim of outrageous government conduct "is procedurally defaulted," that the claim fails on the merits, and that "there was no government misconduct."  In his reply, Defendant asserted that "the government's

---

[7]      *Olan Mills, Inc. v. Linn Photo Co.*, 23 F.3d 1345 (8th Cir. 1994).

[8]      *United States v. Jain*, 93 F.3d 436 (8th Cir. 1996).

scheme to defraud is ongoing" and that "[p]rocedural default has no application to conduct that postdates the appeal."  He claimed that "[t]he government's resort to criminal activity to obtain and defend a conviction is the most serious misconduct imaginable," disputed the government's denial of his claim that it lied, took issue with the United States' reference to the adversarial system of adjudication, and maintained the decisions of this Court and the Eighth Circuit "would have come out differently had the government refrained from conduct that the Court has deemed to be fraud."

"Outrageous government conduct that shocks the conscience can require dismissal of a criminal charge, but only if it falls within the narrow band of the most intolerable government conduct." *United States v. Morse*, 613 F.3d 787, 792-93 (8th Cir. 2010) (quoting *United States v. Boone*, 437 F.3d 829, 841 (8th Cir. 2006)); *see United States v. Williams*, 720 F.3d 674, 686 (8th Cir. 2013) ("[T]he level of outrageousness needed to prove a due process violation is quite high, and the government's conduct must shock the conscience of the court." (quoting *United States v. King*, 351 F.3d 859, 867 (8th Cir. 2003))).  Defendant was aware of the government's alleged misconduct when he appealed.  He procedurally defaulted claim 18.  *See Anderson*, 25 F.3d at 706; *cf. United States v. Henderson-Durand*, 985 F.2d 970, 973 (8th Cir. 1993) ("We believe that on the facts here presented, Arnold's failure to raise the outrageous government conduct claim until his posttrial motions constitutes waiver of that claim.").  Defendant has not demonstrated cause to excuse the default.  *See Anderson*, 25 F.3d at 706.  The claim essentially asserts that the Eighth Circuit erroneously concluded that "the facts in the indictment, accepted as true, describe a fraudulent scheme prohibited by federal law."

*Hansmeier*, 988 F.3d at 438-39.  Defendant cannot relitigate its conclusion here.  *Sun Bear*, 644 F.3d at 702.  Insofar as Defendant's 2255 motion is based on claim 18, the Court denies the motion.

## III.   Request for Judicial Notice

Defendant filed a request for judicial notice.  Insofar as he asked the Court to take judicial notice of the records of this case, the records of the Eighth Circuit in his appeal, and *Jain*, the Court grants the request.  *See McIvor v. Credit Control Servs., Inc.*, 773 F.3d 909, 914 (8th Cir. 2014); *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981).  The request is otherwise denied.  *See* Fed. R. Evid. 201(c)(2); *Taylor*, 2021 WL 363855, at *5.

## IV.   Motion to Expand the Record

Citing Rule 7 of the Rules Governing Section 2255 Proceedings for the United States District Courts, Defendant moved to expand the record with an excerpt of an attorney profile from the website of a law firm.  The excerpt contains a description of this case.  Because the record conclusively shows that Defendant is not entitled to relief, the Court denies his motion to expand the record.

## V.   Motion for Leave to Take Discovery

Citing Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides that "[a] judge may, for good cause, authorize a party to conduct discovery," Defendant sought authorization "to propound one interrogatory to the U.S. Attorney for the District of Minnesota."  The proposed interrogatory states: "Identify via legal citation all cases in which Hansmeier was

sanctioned or his claims were dismissed because he failed to disclose his investigative methods or his financial interest in the plaintiff." Defendant asserted that "[t]he requested discovery is relevant to Claims 10 and 18." According to Defendant, in holding that the first litigation strategy satisfied the materiality requirement, the Eighth Circuit "relied exclusively on the government's representation that courts sanctioned [him] and dismissed his claims when they learned that about [his] investigative methods and financial interest in the plaintiff."

"The 'good cause' that authorizes discovery under Rule 6(a) requires a showing 'that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to [habeas] relief.'" *Rucker v. Norris*, 563 F.3d 766, 771 (8th Cir. 2009) (alteration in original) (quoting *Bracy v. Gramley*, 520 U.S. 899, 909 (1997)) (applying Rule 6(a) of the Rules Governing Section 2254 Proceedings for the United States District Courts). Defendant mischaracterized the Eighth Circuit's opinion. *See Hansmeier*, 988 F.3d at 437-38. He has not demonstrated "good cause" to authorize discovery. The Court denies Defendant's motion for leave to take discovery.

## VI.    Limited Motion to Disqualify

Defendant "move[d] the Court to disqualify itself from deciding Claims 10 and 18." *See* 28 U.S.C. § 455. He relied on § 455(b)(1), which requires disqualification if the judge has "personal knowledge of disputed evidentiary facts concerning the proceeding"; on § 455(b)(5)(iv), which requires disqualification if the judge "[i]s to the judge's knowledge likely to be a material witness in the proceeding"; and on § 455(a),

which requires disqualification "in any proceeding in which [the judge's] impartiality might reasonably be questioned."

Defendant filed the limited motion to disqualify several months after he moved to amend his § 2255 motion by adding claims 13-18. The limited motion to disqualify is untimely, *see United States v. Rubashkin*, 655 F.3d 849, 858 (8th Cir. 2011), and meritless.

Relying on § 455(b)(1), Defendant maintained that "[t]he Court has personal knowledge of whether [the government's alleged] misstatements and omissions were material to it and must recuse itself from deciding" claims 10 and 18. The Court need not disqualify itself: "'personal knowledge' must arise outside of the judicial function." *United States v. Carlton*, 534 F.3d 97, 101 & n.4 (2d Cir. 2008).

Next, Defendant asserted that claims 10 and 18 require an evidentiary hearing and that "[t]he Court cannot preside over an evidentiary hearing at which it will be the key witness." Notwithstanding Defendant's assertion, an evidentiary hearing is not required. No showing has been made that the Court is "likely to be a material witness in the proceeding." Disqualification under § 455(b)(5)(iv) is not required. *See United States v. Rivera*, 802 F.2d 593, 601 (2d Cir. 1986).

Finally, Defendant asserted that disqualification under § 455(a) is required because the Court identified Andrew Luger as co-counsel in a case tried approximately 30 years ago in a list of significant litigated matters submitted to the Senate Judiciary Committee. According to Defendant, "Luger's role in the Court's confirmation to the federal bench gives rise to a political and professional debt." Defendant continued:

28

"Luger is one of the attorneys whom [Defendant] alleges has lied to the Court; indeed, as the U.S. Attorney who brought charges against [Defendant], Luger is the architect of the government's case.  The Court's political and professional debt to Luger would cause an ordinary person to question the Court's partiality."

"Recusal is within the sound discretion of the district court, and that decision is reviewed for an abuse of discretion.  The test for recusal is 'whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all of the relevant facts of a case.'"  *United States v. Aldridge*, 561 F.3d 759, 764 (8th Cir. 2009) (citations omitted).  Disqualification is not warranted based on the identification of Mr. Luger as co-counsel in the case tried approximately 30 years ago in the list that was submitted to the Senate Judiciary Committee, Mr. Luger's position as U.S. Attorney when Defendant was prosecuted, and Defendant's allegations that the government made misstatements and omissions during its prosecution of him.  *See United States v. Mendoza*, 468 F.3d 1256, 1263 (10th Cir. 2006).  The Court denies Defendant's limited motion to disqualify.

## VII.   Motion for an Evidentiary Hearing

Defendant moved for an evidentiary hearing.  Because the record conclusively shows that Defendant is not entitled to relief, the Court denies the motion.  *See Thomas*, 737 F.3d at 1206.

## VIII.   Motion to Alter or Amend

Defendant filed a motion for a preliminary injunction in his criminal case.  Noting that he is subject to a filing restriction and citing *Devose v. Herrington*, 42 F.3d 470 (8th

Cir. 1994) (per curiam), the Court denied the motion.  Defendant filed a motion to alter or amend under Rule 59(e) of the Federal Rules of Civil Procedure.  His assertion that the Court manifestly erred in denying his motion for a preliminary injunction has no merit. The Court denies his motion to alter or amend.

## IX.    Motion for a Hearing Under Fed. R. Evid. 201(e)

Defendant moved for a hearing on the propriety of taking judicial notice of the filing restriction, *see* Fed. R. Evid. 201(e), and for "an order refusing to take judicial notice" of the filing restriction.  No hearing is necessary.  *See Amadasu v. Christ Hosp.*, 514 F.3d 504, 508 (6th Cir. 2008).  Through his written submissions, Defendant has been heard.  The Court denies the motion.

## X.    Certificate of Appealability

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability.  28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1).  A court cannot issue a certificate of appealability unless the applicant has made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition

30

states a valid claim of the denial of a constitutional right and that jurists of reason would

find it debatable whether the district court was correct in its procedural ruling." *Id.*  Here,

Defendant has not shown that reasonable jurists would find the rejection of his claims

debatable or wrong.  Thus, the Court declines to issue a certificate of appealability.

## XI.   Conclusion

Based on the files, records, and proceedings herein, and for the reasons stated

above, IT IS ORDERED THAT:

1. Defendant's motion to amend [Docket No. 248] is GRANTED.

2. Defendant's motions to amend [Docket Nos. 235 & 239] are DENIED AS MOOT.

3. Defendant's § 2255 motion [Docket No. 209], as amended to include claims 1-18, is DENIED.

4. Defendant's request for judicial notice [Docket No. 268] is GRANTED IN PART and DENIED IN PART.

5. Defendant's motion to expand the record [Docket No. 273] is DENIED.

6. Defendant's motion for leave to take discovery [Docket No. 274] is DENIED.

7. Defendant's limited motion to disqualify [Docket No. 275] is DENIED.

8. Defendant's motion for an evidentiary hearing [Docket No. 276] is DENIED.

9. Defendant's motion to alter or amend [Docket No. 278] is DENIED.

10. Defendant's motion for a hearing under Fed. R. Evid. 201(e) [Docket No. 279] is DENIED.

11.　　A certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 9, 2023

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

# UNITED STATES DISTRICT COURT
## District of Minnesota

United States of America,

**JUDGMENT IN A CRIMINAL CASE**

Plaintiff(s),

v.

Case No. 16-cr-334-JNE-KMM-1

Case No. 21-cv-2751-JNE

Paul R Hansmeier

Defendant(s).

☐  **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒  **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

**IT IS ORDERED THAT:**

1.    Defendant's motion to amend [Docket No. 248] is GRANTED.

2.    Defendant's motions to amend [Docket Nos. 235 & 239] are DENIED AS MOOT.

3.    Defendant's § 2255 motion [Docket No. 209], as amended to include claims 1-18, is DENIED.

4.    Defendant's request for judicial notice [Docket No. 268] is GRANTED IN PART and DENIED IN PART.

5.    Defendant's motion to expand the record [Docket No. 273] is DENIED.

6.    Defendant's motion for leave to take discovery [Docket No. 274] is DENIED.

7.    Defendant's limited motion to disqualify [Docket No. 275] is DENIED.

8.      Defendant's motion for an evidentiary hearing [Docket No. 276] is DENIED.

9.      Defendant's motion to alter or amend [Docket No. 278] is DENIED.

10.     Defendant's motion for a hearing under Fed. R. Evid. 201(e) [Docket No. 279] is

        DENIED.

11.     A certificate of appealability is DENIED.


Date: May 10, 2023                          Kate M. Fogarty, Clerk

RECEIVED
BY MAIL
JUN 1 4 2023
CLERK
U.S. DISTRICT COURT
MINNEAPOLIS. MINNESOTA

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America Plaintiff(s),

vs.

Case No. 16-CR-334
21-CU-2751

Paul Hansmeier

Defendant(s).

## NOTICE OF APPEAL

Pursuant to Fed. R. App. P. 3(c)(1) and 4(a), notice is hereby given that the following parties
(provide the names of all parties who are filing an appeal):

Paul Hansmeier

in the above-named case appeal to the United States Court of Appeals for the Eighth Circuit.

The above-named parties appeal from the Judgment                (indicate whether the
appeal is from a *judgment* or an *order* of the District Court) of the U.S. District Court for the
District of Minnesota that was entered on May 9, 2023 (date judgment or order was
entered) that:

SCANNED
JUN 1 4 2023
U.S. DISTRICT COURT MPLS

(If the appeal is from an *order*, provide brief explanation, below, of the District Court's decision in the order.  If you are appealing only a portion of the judgment or order, indicate below which part of the judgment or order you are appealing).

Signed this  11  day of  June 2023

Signature of Party _____

Mailing Address  20953-0411 Unit F
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072

Telephone Number
N/A

Note:  All parties filing the appeal must date and sign the Notice of Appeal and provide his/her mailing address and telephone number, EXCEPT that a signer of a pro se notice of appeal may sign for his/her spouse and minor children if they are parties to the case. Fed. R. App. P. 3(c)(2). Attach additional sheets of paper as necessary.

COMMITTED NAME: Paul Hansmeier

REG. NO. & QTRS.: 20953-041 Unit F

FEDERAL CORRECTIONAL INSTITUTION

P.O. BOX 1000

SANDSTONE, MN 55072

SAINT PAUL MN 550

12 JUN 2023   PM 1   L

RECEIVED
BY MAIL
JUN 14 2023
CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

FOREVER / USA

◇20953-041◇
District Court
Clerk of Court
300 S 4TH ST
Minneapolis, MN 55415
United States

SCANNED
JUN 14 2023
U.S. DISTRICT COURT MPLS

55415-229799

# UNITED STATES DISTRICT COURT
## District of Minnesota

### REVISED INFORMATION SHEET-Criminal Cases Only

1. United State of America v.  Paul R Hansmeier   CR 16-00334-JNE-KMM-1

2. Defendant and Address:  Reg. No. 20953-041
   FCI Sandstone Unit F
   P.O. Box 1000
   Sandstone, MN 55072

3. Date of Verdict: ☒ N/A ☒ Guilty Plea Entered

4. Appealing:  ☒ Order denying Motion to Vacate (2255),  Motion to Amend/Correct,  Motion to Request Judicial Notice, Motion to Expand the Record,  Motion for Leave to take Discovery, Motion for Hearing, Motion to Disqualify

5. Sentence:  Custody of BOP for 168 months, 2 yrs supervised release, special assmt of $200; restitution in the amount of $1,541,527.37

6. Date sentence imposed: 6/14/2019

7. Defendant incarcerated? ☒ Yes

8. Financial Status:  Fee paid?  ☒ N/A Counsel previously appointed – appeal filed pro se

9. Notice of Appeal was filed on 6/14/2023

10. Court Reporter: N/A

11. Trial Counsel:

   Andrew H. Mohring and Manvir K Atwal
   Office of the Federal Defender
   300 South Fourth Street
   107 US Courhouse

1

Minneapolis, MN 55415

12. Trial Counsel was:   ☒ Previously Appointed – appeal filed pro se

Is there any reason why trial counsel should not be appointed on appeal? ☒ No

13. Assistant U.S. Attorney:  Ana H Voss, Erin M Secord, Lisa D Kirkpatrick – 612-664-5600

14. List of other defendants in this case & disposition: N/A

15. Additional Comments:

☒ Probation-Please send the PSI, Addendums and Statement of Reasons to the Criminal Unit.

Prepared by: MKB